SIGMUND IGEL, as Treasurer of the METROPOLITAN LODGE, No. 30, INDEPENDENT ORDER FREE SONS OF JUDAH, Plaintiff, *v.* JESSE S. PHILLIPS, as Superintendent of Insurance of the State of New York, and MANHATTAN SAVINGS INSTITUTION, Defendants.

First Department, April 5, 1918.

Insurance — incorporated fraternal benefit society — insolvency — State Superintendent of Insurance entitled to unexpended moneys collected by subordinate lodge — by-laws construed — subordinate lodge merely agent for incorporated grand lodge.

Where an incorporated fraternal benefit society became insolvent and the State Superintendent of Insurance was directed to take possession of its property and liquidate its affairs, said Superintendent is entitled to the possession of a fund standing to the credit of a subordinate unincorporated lodge, where under the by-laws the sole objects to which the fund can be applied are the purposes of the incorporated grand lodge after the expenses of the subordinate lodge are paid, and it appears that there are no unpaid expenses of the subordinate lodge.

Where the by-laws of said corporation provided that every lodge shall fix a certain sum to be paid monthly or quarterly by every member, from which money the lodge shall defray its own expenses and pay the assessment for endowment, reserve fund, *per capita* tax and cemetery taxes, moneys collected by a subordinate lodge not essential to defray its own expenses are held in trust for the grand lodge.

Although the subordinate lodge had thirty days from the date of the issue of an assessment call within which to remit its assessment to the grand lodge, an assessment collected belongs to the grand lodge and should be turned over to the State Superintendent of Insurance on the insolvency of the grand lodge, although the said thirty days had not expired. The thirty days given to the subordinate lodge to pay over the moneys was simply a matter of convenience.

The Insurance Law applicable to such corporations contemplates a central body or grand lodge for which subordinate lodges are mere agencies for the collection of funds and the organization of its members.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*Stanley Garten* of counsel [*Garten, Friesner & Shenfeld,* attorneys], for the plaintiff.

*George H. Jamison* of counsel [*M. J. Wright,* attorney], for the defendant Phillips.

SMITH, J.:

The United States Grand Lodge Independent Order Free Sons of Judah was a fraternal benefit society incorporated under the laws of the State of New York. It became insolvent and on February 26, 1917, the Superintendent of Insurance was directed to take possession of the property and liquidate the business of said order. The Metropolitan Lodge was a subordinate lodge and had on credit with the Manhattan Savings Institution the sum of $383.44. This subordinate lodge was an unincorporated association. It was created by the grand lodge and was subject to its constitution and by-laws. The Superintendent of Insurance contends that in his duty of taking the property of the grand lodge and liquidating it, he has the right to take possession of this fund in this savings bank to the credit of the Metropolitan Lodge or subordinate lodge. The subordinate lodge claims to be entitled to the whole amount and has passed a resolution

to distribute the fund among its members. Article 4 of the constitution of the order provides: " Every Lodge shall fix a certain sum to be paid monthly or quarterly by every member thereof, from which money the Lodge shall defray its own expenses and pay the Assessments for Endowment, Reserve Fund, Per Capita Tax and Cemetery Taxes. All payments are to be made in advance; those payable quarterly are due at the general meeting, while the monthly payments must be made on the first meeting of every month."

It is apparent that these moneys are collected, first, for the expenses of the subordinate lodge, and after those are paid, the sole objects to which the fund can be applied are the purposes of the national association. It would seem, therefore, that the fund, except as far as may be necessary to pay expenses, was held by the subordinate lodge in trust for the grand lodge, until the same should be called for by the grand lodge. This subordinate lodge has voted to distribute this fund *pro rata*, which would indicate that there are no expenses of the subordinate lodge that were unpaid. Moreover, the ultimate ownership of this fund, while not expressly declared in the constitution of the order, is impliedly recognized therein, for if the subordinate lodge secedes, all of the property of the subordinate lodge must be turned over to the grand lodge. If the subordinate lodge be dissolved, or is expelled, all of its property must be turned over to the grand lodge. There are several matters for which the subordinate lodge can forfeit its charter under section 2 of article 2 of part 4 of the constitution, and if this charter be forfeited, all the property of the subordinate lodge becomes the property of the grand lodge. It seems to be contemplated, therefore, that the ultimate title to this property shall be in the grand lodge, although it is held by the subordinate lodge to carry out certain purposes and certain duties which devolved upon the grand lodge.

By the constitution of the grand lodge, every subordinate lodge is required within thirty days from the date of the issue of the assessment call, to remit to the grand secretary such amount for each member recorded in the books of the grand lodge as decided at the annual convention as the assess-

ment for the different classes in accordance with the resolution of the grand lodge convention or of the executive committee. These moneys when received are to be used for the payment of endowments, as provided in the article, with the exception of money spent for the maintenance of this fund.

Upon February first an assessment was made against this subordinate lodge of sixty dollars and fifty-nine cents under this provision of the constitution, and that was not paid at the time that the funds of this corporation were delivered over to the Superintendent of Insurance because the thirty days had not expired. The order giving possession of the property of the grand lodge to the Superintendent of Insurance was dated February twenty-sixth. One of the questions submitted is whether the Superintendent of Insurance is entitled to the amount of that assessment, to wit, sixty dollars and fifty-nine cents. I think there can be no doubt of it. This was for the payment of an obligation of the grand lodge in accordance with the purposes of its creation. The thirty days' time given to the subordinate lodge to pay over the moneys was simply a matter of convenience. The moneys were owing at once after the call, although the time for payment was extended for thirty days. They were due because they were in performance of a contract made between the order and its members, which contract had matured. Right here is found another significant fact, as bearing upon the right of the Superintendent of Insurance to these moneys. This assessment of February first covered only the endowments that were due up to January eleventh. Even if these be directed to be paid to the Superintendent of Insurance, no provision is made for the payment to the members of the order of those endowments which have become due after January eleventh and up to February twenty-sixth, when the order may be deemed to have been dissolved. Still those endowments that have become due are due by contract, as before stated, with the lodge and with its members. These contracts must necessarily be recognized by the Superintendent of Insurance in liquidation and he would be required to pay, if sufficient funds were found, the endowments of all members which had matured prior to the twenty-sixth day of February. How much of this fund in the bank is properly applicable

to those payments can only be ascertained by the liquidation of the parent corporation, so that it is necessary for the Superintendent of Insurance to take this fund as well as the fund of the other subordinate lodges for ascertainment and payment of the contract liability of the order, whatever that may prove to be.

The alternative of this proposition presents to my mind one of the strongest arguments for the defendants' contention. If the Superintendent of Insurance is not the liquidator of these funds, here we have many subordinate lodges over the whole country, which have no liquidator. The funds on hand would seem to be at the disposal of the majority of the members of that lodge, even as against the protest of a minority. It would be practically impossible to enforce the liabilities of the grand lodge as against the individual members of these subordinate lodges, even when those liabilities are liabilities of the subordinate lodge as well. All claims for these funds may be presented to the Superintendent of Insurance by the individual members of these subordinate lodges and can be determined by him, subject to court review. The Superintendent becomes then the liquidator both of the grand lodge and of the subordinate lodges, even if the ultimate right to the property be not in the grand lodge. It would seem to me not only as necessary to the equitable distribution of the funds and determination of the liabilities of the grand lodge, but also a wiser policy than to leave the subordinate lodges wholly without a liquidator in case of the dissolution of the grand lodge.

Moreover, the scheme of the Insurance Law made applicable seems to contemplate a central body or grand lodge for which these subordinate lodges are mere agencies for the collection of funds and organization of its members. (Insurance Law [Consol. Laws, chap. 28; Laws of 1909, chap. 33], §§ 230, 231, as added by Laws of 1911, chap. 198.) Whether or not these subordinate lodges may create an independent fund, when the fund in question is the result of assessments made pursuant to the plan promulgated by the statute for the securing of funds for the central body, the Superintendent of Insurance upon insolvency becomes entitled to the fund for the purpose of liquidation (Insurance Law, § 63, added by Laws of 1909,

chap. 300, as amd. by Laws of 1912, chap. 217), and this is is all that it is necessary here to decide.

Judgment is, therefore, directed for defendant declaring that he is entitled to the fund on deposit.

CLARKE, P. J., PAGE, DAVIS and SHEARN, JJ., concurred.

Judgment ordered for defendant as stated in opinion. Order to be settled on notice.