Thomas J. McGraw, Respondent, v. Lawrence Gresser, Appellant.

Civil service — wrongful discharge of former volunteer fireman from position in the civil service — after his reinstatement by writ of mandamus, he may maintain an action against officer who removed him for salary of which he was deprived.

A former volunteer fireman wrongfully discharged from a position in the civil service and reinstated in his position pursuant to a peremptory writ of mandamus, under the statute (Civil Service Law [Cons. Laws, ch. 7], § 22), may maintain an action against the officer who removed him for the amount of salary of which plaintiff has been deprived by defendant's wrongful act. Although plaintiff, if he had so elected, might have, on proper allegations, had damages awarded to him in the mandamus proceeding wherein he was reinstated (Code Civ. Pro. § 2088), that does not prevent a recovery in this action. The alternative was not between such election and a waiver of his rights. Where such a statute gives a right it does not follow that other consistent rights are taken away.

McGraw v. Gresser, 176 App. Div. 887, affirmed.

(Argued January 28, 1919; decided March 18, 1919.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 28, 1916, affirming a judgment in favor of plaintiff entered upon a verdict.

Plaintiff was executive clerk in the office of the presi-

dent of the borough of Queens in the city of New York. He had served a term in the volunteer fire department of Long Island City and was wrongfully removed from his position by the defendant, the president of the borough, for political reasons and without a hearing, and the position was filled by the appointment of another. (Civil Service Law [Cons. Laws, ch. 7], § 22.)

After his removal he was reinstated in his position, pursuant to a writ of peremptory mandamus, and the amount of the recovery herein is the compensation attached to his position from the time of his removal until he was reinstated.

*Charles H. Street* and *Lawrence T. Gresser* for appellant. The trial court erred in denying the defendant's motion to dismiss the complaint on the ground that the same did not state facts sufficient to constitute a cause of action. (*Nuttall* v. *Simis*, 22 Misc. Rep. 19; *E. R. Gas Light Co.* v. *Donnelly*, 93 N. Y. 561; *Nichols* v. *MacLean*, 101 N. Y. 526; *Kessel* v. *Zeiser*, 102 N. Y. 114; *Martin* v. *City of N. Y.*, 176 N. Y. 373; *Dolan* v. *Mayor, etc.*, 68 N. Y. 280; *Demarest* v. *Mayor, etc.*, 147 N. Y. 208.) The plaintiff could have had his damages assessed against the defendant in the same mandamus proceeding by which he procured his reinstatement, provided he was entitled to damages against the defendant at all. (*People ex rel. Goring* v. *Wappingers Falls*, 151 N. Y. 386; *People ex rel. Walker* v. *Ahern*, 139 App. Div. 88; 202 N. Y. 551.) Where the remedy is a statutory one and a new right is given and specific relief prescribed for a violation of such right, the remedy is confined to that which the statute gives. (*Jessup* v. *Carnegie*, 80 N. Y. 456; *Marshall* v. *Sherman*, 148 N. Y. 9; *Central Trust Co.* v. *N. Y. C. & N. R. R. Co.*, 110 N. Y. 250; *Savings Assn.* v. *O'Brien*, 51 Hun, 45.)

*Solon Weit* for respondent. The complaint states a cause of action. (Cooley on Torts, 379; Throop on

Public Officers, §§ 724, 725; *Willy* v. *Mulledy*, 78 N. Y. 314; *Nichols* v. *MacLean*, 101 N. Y. 533.)

POUND, J. The question is whether a former volunteer fireman, wrongfully discharged from a position in the civil service, may, after reinstatement by mandamus, maintain an action to recover damages against the officer who removed him, his position having meanwhile been filled by the appointment of another person.

Exempt volunteer firemen were first protected from removal from positions in the civil service of the various cities and counties " except for cause shown after a hearing had " by Laws of 1892, chapter 377. This statute provided no remedy, but it was held in *People ex rel. Coveney* v. *Kearny* (44 App. Div. 449; affd., 161 N. Y. 648) that a veteran fireman wrongfully discharged from a subordinate position was entitled to a common-law writ of mandamus to compel his reinstatement when no question arose between the relator and any actual incumbent of the position.

The statutory provision for a writ of mandamus for the benefit of firemen appears in Laws of 1899, chapter 370, section 21, now section 22, Civil Service Law. The effect of this amendment was merely to extend the remedy by mandamus to cases where the position had been filled by the appointment of another. (*People ex rel. Mesick* v. *Scannell*, 63 App. Div. 243, 246, 247.) But mandamus was essentially a remedy for reinstatement and reinstatement is not a complete remedy. The act of defendant in removing plaintiff without a hearing was ministerial. (*Nuttall* v. *Simis*, 31 App. Div. 503.) Defendant is, therefore, also liable in damages to plaintiff by reason of his misfeasance. (*Hover* v. *Barkhoof*, 44 N. Y. 113; *Bryant* v. *Town of Randolph*, 133 N. Y. 70; *Beardslee* v. *Dolge*, 143 N. Y. 160.) A public office or position is not property in the sense in which that term is generally used, but it is idle to say that one who is wrong-

fully removed from a position in the civil service does not sustain an injury. He is deprived of a right. (*Nichols* v. *MacLean*, 101 N. Y. 526, 533.) In the "Great Case" of *Ashby* v. *White* (2 Ld. Raym. 938, 950; 3 Ld. Raym. 320; 1 Smith L. C. [11th ed.] 240) the House of Lords, approving the dissenting opinion of the famous Sir JOHN HOLT, Ch. J., below, held that an action lies in behalf of any person having a right to vote against election officers who refused to receive his vote, because he has been deprived of a right and where there is a right there is a remedy. (*Willy* v. *Mulledy*, 78 N. Y. 310, 314.) The loss is the amount of salary of which plaintiff has been deprived by defendant's wrongful act.

If plaintiff had so elected, he might have, with proper parties and allegations, had damages awarded to him in the mandamus proceeding wherein he was reinstated (Code Civ. Pro. § 2088; *People ex rel. Goring* v. *Prest., etc., of Wappingers Falls*, 151 N. Y. 386, 389), but the alternative was not between such election and a waiver of his rights. Where a statute gives a right it does not follow that other consistent rights are taken away. (*Central Trust Co.* v. *N. Y. City & No. R. R. Co.* 110 N. Y. 250, 255.) Even if we adopt, as did the learned trial justice, the dictum of LAUGHLIN, J., in *People ex rel. Walker* v. *Ahearn* (139 App. Div. 88, 94; affd., 202 N. Y. 551) that public policy protects officials who make unauthorized removals "in the absence of bad faith or improper motive," plaintiff is entitled to recover. But the law may not be violated with impunity, even by public officials with good motives.

I think that the judgment is right and should be affirmed, with costs.

HOGAN, CARDOZO and ANDREWS, JJ., concur; HISCOCK, Ch. J., COLLIN and CUDDEBACK, JJ., dissent.

Judgment affirmed.