**BEAN v. STODDARD, State Superintendent of Insurance, et al.**

(District Court, N. D. New York. June 1, 1923.)

**1. Courts ☞303(2)—Action against superintendent of insurance to impress fund in his hands with trust held not "action against state."**

Where proceeds of bonds and securities stolen from bank were paid to insurance company, and came into hands of state superintendent of insurance as official liquidator, *held*, action against insurance superintendent by receiver of bank to impress such fund with trust in favor of bank was not an "action against the state," nor a constitutional officer of it.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Suit against the State.]

**2. Trusts ☞359(3)—Adequate remedy at law held not to preclude suit to impress fund in hands of superintendent of insurance with trust.**

Suit by receiver of bank against superintendent of insurance to impress trust on proceeds of stolen bonds and securities, which had been paid to an insurance company and had come into defendant's hands as official liquidator, *held* not improper, though an adequate remedy at law might exist under Insurance Law N. Y. § 63.

**3. Banks and banking ☞287(4) — Complaint held to sufficiently disclose receiver's capacity to sue.**

Complaint in suit by receiver of national bank to impress with trust a fund in hands of state superintendent of insurance, which alleged plaintiff's appointment and assumption of duties as receiver, *held* to show sufficient capacity to sue, in absence of specific denial of such appointment.

**4. Banks and banking ☞287(4)—Specific instructions to commence action not essential to receiver's capacity to sue.**

Under Rev. St. § 5234 (Comp. St. § 9821), it is duty of receiver of national bank to collect assets and debts, and he is not required, as affecting his capacity to sue, to obtain specific instructions before commencing action for such purpose.

At Law. Action by N. S. Bean, as receiver of the First National Bank of War-

ren, Mass., against Francis R. Stoddard, Jr., individually and as Superintendent of Insurance of the State of New York, and the Metropolitan Life Insurance Company. On motion to dismiss. Motion denied.

Louis L. Babcock, of Buffalo, N. Y., for complainant.

Carl Sherman, Atty. Gen. of New York, and Michael J. Montesano and Clarence C. Fowler, Deputy Attys. Gen. of New York, appearing specially for People of State of New York and Francis R. Stoddard, Jr.

HAZEL, District Judge (sitting during absence from district of Judge Cooper). [1] This is a motion on behalf of defendant, appearing specially, to dismiss the bill of complaint and set aside the service of the subpœna herein. The defendant, as superintendent of insurance of the state of New York, has filed suggestions embodying the principal grounds questioning the jurisdiction of this court; their basis being that the suit in equity is against the sovereign state of New York, and, since neither the state nor the defendant, who is a constitutional officer of the state, has consented to be sued, the latter is entitled to the same immunity from suit that the state is entitled to receive, and, moreover, that by section 63 of the Insurance Law (Consol. Laws, c. 28) specific provision is made for fixing and determining the rights and liabilities of all persons to property of delinquent and insolvent insurance companies in liquidation proceedings.

It appears that prior to this action complainant obtained an order from the Supreme Court of this state permitting him to sue the defendant individually and in his official capacity. The defendant moved the court to vacate the order upon substantially the same grounds presented here for dismissing the bill. The motion was denied by Pierce, J. ([Sup.] 206 N. Y. S. 753), who held that the funds of the Niagara Life Insurance Company which are now in the possession of the defendant in his official capacity as superintendent of insurance did not belong to the state; that the state had no interest in or lien upon the money or property of the insolvent insurance company, except for the purpose of liquidation; that action brought to recover the proceeds of the bonds would not be against the state or against a state officer. The learned court directed attention to Allen, Bank Commissioner, et al., v. U. S. (C. C. A.) 285 F. 678, wherein it was held that a suit

against a state bank commissioner to establish a claim against assets of an insolvent bank of which he has taken charge was not one against a state which had no interest in the fund.

An· examination of the authorities material to this question convinces me that the holding of Judge Pierce in this particular was correct. The bill in my opinion contains the necessary jurisdictional facts as to parties and subject-matter and the fund which is the subject of the controversy, consisting of bonds and securities stolen from the First National Bank of Warren, Mass., and were thereafter sold, the proceeds being paid to the Niagara Life Insurance Company to increase its impaired assets. Later the defendant with knowledge came into possession of the proceeds realized on sale of the said securities as official liquidator of the insolvent insurance company pursuant to section 63 of the Insurance Law of the state. Matter of Knickerbocker Life Ins. Co., 199 App. Div. 503, 191 N. Y. S. 780. The right to maintain an action against the superintendent of insurance in his official capacity arising out of funds in his possession belonging to an insolvent insurance company has heretofore been upheld by the Supreme Court of this state. It will suffice to cite Igel v. Phillips as Superintendent, etc., 183 App. Div. 220, 169 N. Y. S. 897, on this point.

It is true that, if this action were likely to result in a money judgment against the state, or against an officer representing a state, or the question at issue involved the liability of the state, or if the decree of the court operated against the state "to compel it to specifically perform its contract," as said in Re State of New York, 256 U. S. 490, 41 S. Ct. 588, 65 L. Ed. 1057, the action would not be maintainable. Then the suit would clearly be against the state and the defendant in his official capacity might be required to satisfy the liability from any property in his hands belonging to the state. McWhorter v. Pensacola & Atlanta R. Co., 24 Fla. 417, 5 So. 129, 2 L. R. A. 504, 12 Am. St. Rep. 220. But, as heretofore stated, complainant does not ask that the defendant pay out any state monies on the theory that the state is liable directly or indirectly. His prayer for relief is that a trust be impressed upon the proceeds of the purloined securities which came into the custody of the defendant as liquidator for the benefit of the rightful owner thereof. The position of the defendant in this respect

is not essentially different from that of the state superintendent of banks under section 150, General Corporation Law (Consol. Laws, c. 22). Matter of Carnegie Trust Co., 161 App. Div. 280, 146 N. Y. S. 809; Tindal v. Wesley, 167 U. S. 204, 17 S. Ct. 770, 42 L. Ed. 137.

In Lankford v. Platte Iron Works Co., 235 U. S. 461, 35 S. Ct. 173, 59 L. Ed. 316, a case stressed by counsel for defendant, the United States Supreme Court substantially held, it is true, that a suit by a depositor of a bank to require the bank commissioner of Oklahoma to make payment out of a fund was suit against the state under the Eleventh Amendment, and could not be maintained in the federal court; but a perusal of the opinion of the court shows that the state courts of Oklahoma had previously held that the title to the depositors' guaranty fund was in the state, and hence the state, as an exercise of the police power, had the right to determine whether title to the fund of an insolvent bank vested in the state for the purpose of its administration, or whether the fund should be committed to the mere ministerial administration of the banking board "and subject them to controversies with depositors or draw around them the circle of immunity." The suit was held by the court to be against the state, because the state obtained a definite title to the fund. In this case there is no state statute vesting the state with the title of the assets of the insolvent insurance company, or imputing to the insurance superintendent the immunity from suit to which the state is entitled.

[2] Another noticeable·objection to the bill is that an adequate remedy at law exists under section 63 of the state Insurance Act. By that act, however,· no new rights were created, and the complainant no doubt could have sued the insurance company in liquidation to recover the proceeds of the stolen bonds, and such a remedy would not, in my view, be inconsistent with that afforded by the statute. McGraw v. Gresser, 226 N. Y. 57, 123 N. E. 84. In Rosin v. Lidgerwood Mfg. Co., 89 App. Div. 245, 86 N. Y. S. 49, Mr. Justice Woodward said:

"So, where a remedy existed at common law for a wrong or injury against which a remedial statute is directed, if such statute provides a more enlarged or summary or more efficient remedy for the party aggrieved, but does not in terms or by necessary implication deprive him of the remedy which existed at common law, the stat-

utory remedy is considered as merely cumulative, and the party injured may resort to either at his election."

[3, 4] Nor is the point believed substantial that the bill discloses no legal capacity to sue. It is averred that complainant was duly appointed receiver and assumed the performance of his duties, taking possession of the assets of the bank. In the absence of a denial of his due appointment as receiver, I think the averment was sufficient. His authority is derived from section 5234, R. S. (Comp. St. § 9821), and in accordance therewith it is his duty to collect the assets and debts of the bank. It was not necessary for him to obtain specific instructions to begin this action. Turner v. Richardson, 180 U. S. 87, 21 S. Ct. 295, 45 L. Ed. 438. A stipulation has been filed discontinuing the action against the defendant individually, and the objection that there is an improper joinder of parties is therefore moot.

The motion to dismiss the bill on the ground that this court is without jurisdiction to entertain the bill is denied.