In the Matter of the Application of N. S. BEAN, as Receiver of the FIRST NATIONAL BANK OF WARREN, MASSACHUSETTS, Respondent, for Permission to Commence an Action against FRANCIS R. STODDARD, JR., Individually and as Superintendent of Insurance of the State of New York, Appellant, Impleaded with Another.

*Injunction — jurisdiction of Supreme Court after enjoining the bringing of suits against an insurance company in liquidation or the Superintendent of Insurance, to permit commencement of action in Federal courts.*

The court which grants an injunction may in its discretion lift it. The Supreme Court, therefore, having, in liquidation proceedings under section 63 of the Insurance Law, enjoined all persons from bringing suits against the insurance company and from interfering with the Superintendent of Insurance in such proceedings, has, nevertheless, jurisdiction to grant leave to an applicant to commence an action against the Superintendent of Insurance in the courts of the United States to impress certain funds with a trust in favor of the applicant. Nothing more is adjudicated by such a decision than that the applicant may try his case, unimpeded by the bar of the restraining order.

*Matter of Bean* v. *Stoddard*, 207 App. Div. 276, affirmed.

(Argued June 4, 1924; decided July 5, 1924.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 21, 1923, which modified and affirmed as modified an order of Special Term, granting a motion for leave to bring action against the State Superintendent of Insurance.

The following questions were certified:

"1. Should Mr. Justice TAYLOR's *ex parte* order of February 27, 1923, be vacated?

" 2. Should the Erie County Special Term order of May 18, 1923, denying the application of the Superintendent of Insurance to vacate the *ex parte* order of Mr. Justice TAYLOR, dated February 27, 1923, be reversed in its entirety and the motion to vacate be granted?

" 3. Is the Superintendent of Insurance of the State of New York, as liquidator of the Niagara Life Insurance Company, immune from the suit sought to be brought and maintained by petitioner on the facts set forth in his petition asking leave to sue, whereby he claims ownership of property which has come into the Superintendent's possession as apparent assets of the insolvent company in a liquidation proceeding conducted by the Superintendent pursuant to section 63 of the State Insurance Law and the orders of the Supreme Court of New York? "

*Carl Sherman, Attorney-General (Michael J. Montesano, Clarence C. Fowler, Clarence W. Roberts* and *William H. Galentine* of counsel), for appellants.

*Evan Hollister* for respondent.

*Per Curiam.* The substantial question is whether the Supreme Court, having, in liquidation proceedings under section 63 of the Insurance Law (Cons. Laws, ch. 28), enjoined all persons from bringing suits against the insurance company and from interfering with the Superintendent of Insurance in such proceedings, has jurisdiction to grant leave to an applicant to commence an action against the Superintendent of Insurance in the courts of the United States to impress certain funds with a trust in favor of the applicant. The court which granted the injunction might in its discretion lift it. It has done so. Its order, if we put aside mere technical objections, is an order against which no error of law can be urged.

The contention of the Superintendent of Insurance is, in the main, that he, as an officer and agency of the State of New York, cannot be sued without the consent of the State; that the courts have no jurisdiction to entertain actions to interfere with State funds *in custodia legis;* that applicant's sole remedy is in the liquidation proceed-

ings, and that, therefore, the order granting leave to sue was erroneous as matter of law.

Such contentions may or may not be sound. The conclusion sought therefrom does not follow. They go to the merits of the action when brought. If it were not for the order in the liquidation proceedings, applicant would have had the right to commence his action against the Superintendent, although the Superintendent might have a complete defense thereto. The Special Term has, in its discretion, removed the bar of the injunction. The applicant has begun his action in the United States court. Nothing has been adjudicated but the fact that he is not thereby to be chargeable with contempt. The discussion of the law in the opinions below reveals the judicial mind in operation but leads to no other decision than that the applicant may try his case, unimpeded by the bar of the restraining order. A reversal of the order would have no binding force so far as the jurisdiction of the United States court, which has already attached, is concerned. It might serve as a gesture of comity and it might put the applicant in contempt. But no reasons in law are presented which require such reversal.

The order should, therefore, be affirmed, with costs, and the questions of law certified answered in the negative.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Order affirmed.