**FARRELL v. STODDARD, Superintendent of Insurance of New York, et al.**

(District Court, N. D. New York. September 27, 1924.)

**1. Courts ⬅⬿499 — Possession of insurance company by state superintendent of insurance held not to exclude jurisdiction of federal court.**

Under the Insurance Law of New York the state superintendent of insurance is an officer of the executive department, and acts as such in the liquidation of insurance companies, though he is required to obtain an order of court permitting him to take over the property of a company, his possession is under the statute, and not the possession of the court, so as to exclude the jurisdiction of a federal court of a suit against the superintendent to recover a fund so in his possession and alleged to be held in trust.

**2. Action ⬅⬿35—Jurisdiction not excluded by statutory remedy.**

Where a remedy exists at common law or in equity, a remedy given by statute for the same wrong, unless expressly made exclusive, is considered as merely cumulative, and the party injured may resort to either at his election.

**3. Courts ⬅⬿259—Jurisdiction of federal court cannot be affected by state statute.**

In case of diversity of citizenship, one who elects to assert his equitable or common-law rights in a federal court cannot be deprived of them by the statutes of the state in which that court exercises its jurisdiction.

**4. Insurance ⬅⬿51—State statute as to liquidation of company not applicable to claimant of trust fund.**

The statutes of New York relating to the liquidation of insolvent insurance companies and the allowance of claims cannot affect the rights of one who is neither a creditor nor policy holder, but claims the right to a trust fund held as part of the company's assets.

In Equity. Suit by James E. Farrell (substituted for N. S. Bean), as receiver of the First National Bank of Warren, Mass., against Francis R. Stoddard, Jr., as Superintendent of Insurance of the State of New York, and others. On motion by defendant, asking the court to decline jurisdiction on the ground of comity. Denied.

Locke, Babcock, Spratt & Hollister, of Buffalo, N. Y. (Evan Hollister, of Buffalo, N. Y., of counsel), for plaintiff.

Carl Sherman, Atty. Gen., of New York, and Michael J. Montesano and Clarence C.

Fowler, Deputy Attys. Gen. (Arthur E. Sutherland, of Rochester, N. Y., of counsel), for defendant Superintendent of Insurance.

Martin T. Nachtmann, of Albany, N. Y., for other defendants.

COOPER, District Judge. This is a motion by the defendant superintendent of insurance of the state of New York, asking the federal court to decline jurisdiction of this suit on the ground of comity. The defendant superintendent of insurance will be called the defendant in this memorandum. This suit in certain phases has already engaged the attention of the Supreme Court of the state of New York and of the two appellate courts of the state, as well as of the federal court in this district.

The suit is brought by the plaintiff, as receiver of a Massachusetts bank, to impress a trust in favor of the bank upon funds in the possession of the defendant, for $39,-130.08. The money arises from the sale of securities alleged to have been stolen from the Massachusetts bank and delivered to the Niagara Life Insurance Company, and by that company, with the alleged knowledge and co-operation of the deputy superintendent of insurance, sold for the said sum and the proceeds delivered to the Niagara Company. Almost immediately thereafter, it is claimed, the defendant took over, under section 63 of the Insurance Law (Consol. Laws, c. 28), of the state of New York, all the property and assets of the Niagara Company, together with said moneys.

The bill of complaint alleges that on the 6th day of February, 1923, the defendant applied to the Supreme Court of the state of New York, as he was required by the statute to do, for an order permitting him to act under the statute and take possession of the property and conduct the business of the Niagara Company, and that on or about the 15th day of February, 1923, the Supreme Court of the state of New York made such an order, and also restrained suits against the superintendent. On the 27th day of February, 1923, Mr. Justice Taylor, of the Supreme Court of the state of New York, made an ex parte order permitting the plaintiff to bring a suit in the United States District Court against the defendant and others to impress a trust in favor of the Warren Bank upon the moneys thus in the hands of the defendant to the amount of the proceeds of the sale of the alleged stolen securities.

This suit was then brought in this court. The defendant thereupon moved to dismiss the complaint upon various grounds, but

not including the ground on which this motion is made. The motion was denied by Judge Hazel, sitting in the Northern district, with an opinion. 2 F.(2d) 62. The defendant also moved before the Special Term of the Supreme Court in Erie County for an order vacating the order of Mr. Justice Taylor. This motion was denied on the 18th day of May, 1923, by Mr. Justice Pierce, sitting in Special Term, with an opinion. 206 N. Y. S. 753.

The defendant then appealed to the Appellate Division of the Fourth Department from the order of Justice Taylor, and from the order of the Special Term, and that court criticized the orders of the Special Term, but affirmed it with slight modification, also holding that the ex parte order was not appealable. An opinion was written. In re Bean, 207 App. Div. 276, 201 N. Y. S. 827. The defendant then further appealed, by permission of the Appellate Division, to the Court of Appeals, upon three specific certified questions, which were: (1) Should Justice Taylor's ex parte order be vacated? (2) Should Judge Pierce's order at Special Term, denying the motion to vacate Judge Taylor's order, be reversed, and the motion to vacate be granted? (3) Is the defendant superintendent of insurance immune from suit on the ground that he is an agency of the state and cannot be sued without the consent of the state? The Court of Appeals decided all three questions in the negative and against the defendant, also writing an opinion. Bean v. Stoddard, 144 N. E. 916.

[1] After the decision in the Appellate Division and prior to the decision of the Court of Appeals, the defendant moved this court to decline jurisdiction of this suit on the ground of comity of courts, claiming that this is a suit in rem and that the res is already in the custody of the Supreme Court of the state of New York and was in such custody prior to the commencement of this action. This is the question for this court to decide at this time. If this fund is in the custody of the Supreme Court of the state of New York, then jurisdiction should be declined, under the well-recognized doctrine of comity. Kline v. Burke Cons. Co., 260 U. S. 226, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077.

The plaintiff, while not controverting that doctrine where applicable, insists, however, that the fund is not in the custody of the Supreme Court of the state of New York, or its agent, but that it is in the custody of the defendant as a public officer, and an agency of the executive branch of the government, created by act of the legislative power, over whom the judicial power has no jurisdiction or control. If this be so, and no other reason appears why the suit should not be maintained in the District Court of the United States, the motion should be denied.

An examination of section 63 of the Insurance Law of the state of New York makes it clear that the superintendent of insurance is a public officer in the executive department of the state government, and that he still retains his character as a public officer when he acts as liquidator of insurance companies under the provisions of this statute. His power to act as custodian of the res comes alone from the statute. The judicial power cannot change or modify this statute, or affect his power in any respect whatever. True, the defendant must first apply to the court for an order to act as liquidator. That, however, merely means that the court must give the signal to start the machinery under which the superintendent, the agent of the executive power, acts. Thereafter the defendant, as the representative of the executive power, pays no heed to the court or its mandates. His chart is the statute under which he acts.

These views are supported by authority. In the Matter of Union Bank of Brooklyn, 176 App. Div. 477, 163 N. Y. S. 485, it was held that the superintendent of banks, under a statute similar to that under which the superintendent of insurance acts here, is a statutory receiver; that, as such, he is not a part of the judicial branch of the government; that he does not take his office or derive any of his original powers from the court, but that he is of the administrative or executive branch of the government. In Re Chetwood, 165 U. S. 443, 17 S. Ct. 385, 41 L. Ed. 782, it was held that a receiver appointed by the Comptroller of the Currency, under statutory power, was not an officer or agent of the court, and that his custody was not the custody of the court. This case was cited with approval in the Matter of Union Bank of Brooklyn, supra, and has also been applied in Lyons v. Bank of Discount (C. C.) 154 F. 391 and 398; Schofield v. Palmer (C. C.) 134 F. 753 and 757.

A case in close analogy is found in Allen v. United States, 285 F. 678, in which the Circuit Court of Appeals in the First Circuit held that the state bank commissioner of Massachusetts, acting under a similar statute, was not acting as the agent of the

judicial power, and that his custody was not the custody of the court. The opinion cites at considerable length from the highest court of Massachusetts, in the case of Commonwealth v. Commissioner of Banks, 240 Mass. 244, 133 N. E. 625, in which it is held in precise words as follows: "The commissioner [the state bank commissioner] is an executive or administrative officer. * * * He acts in all these particulars as a public officer, and not as a receiver appointed by the court."

No cases are cited by the defendant in support of his contention that this fund is in the custody of the state court. On the contrary, the defendant substantially conceded that the defendant superintendent of insurance is not a receiver or agent of the court, in his endeavor to have the courts of the state of New York decide that the superintendent of insurance is a representative of the sovereign power of the state, and could not be sued without the consent of the state. These assertions are made in defendant's brief in the Court of Appeals, on page 15:

"The state superintendent of insurance thus draws his rights, duties, and powers, not from the order of the court, but directly from the statute itself. * * * Not only that, but there are ever present fundamental distinctions between receivers * * * and a state superintendent of insurance. The receiver is referred to as the 'arm of the court,' because he is brought into being by the court, * * * and is answerable to the court, while the superintendent of insurance is created by the power inherently in the sovereign to administer its laws and rule its people. * * * He is not answerable to the courts, as is the receiver, but is answerable to the sovereign state, by whom he was brought into being. No one can question but that the courts, because he is not the object of their creation, cannot remove him, or in any way assume, on their own volition, authority over him. His removal and his discipline, as do his rights, duties, and powers, lie only with the sovereign power of the state, to whom alone he is answerable."

The defendant cannot well assert in the state court that he represents an independent branch of the sovereign power not subject to the court's control, and in this court assert he is the agent of the state court, and that his custody is the custody of that court. The fact that the defendant's contentions in either court do not determine the law of the case is not overlooked. But the law, and defendant's contentions in the state court, are against the defendant's contention in this court.

[2] But the defendant also asserts that the Legislature has provided a method for the liquidation of the business, assets, and affairs of insurance companies by the defendant, to which all claimants must confine themselves, and that plaintiff has not done so. The statute in question does not assert that the method thus provided shall be exclusive, as do certain other statutes of the state. It is held on excellent authority that, where a remedy exists at common law and a remedial statute is directed at the same wrong, if such statute provides a larger or summary or more efficient remedy for the party aggrieved, but does not in terms or by necessary implication deprive the party injured of the remedy which existed at common law, the statutory remedy is considered as merely cumulative and the party injured may resort to either at his election. Rosin v. Lidgerwood Manufacturing Co., 89 App. Div. 245, 86 N. Y. S. 49; McGraw v. Gresser, 226 N. Y. 57, 123 N. E. 84. This doctrine applies also to rights existing under equitable rules.

It is clear that the right to impress a trust in favor of the Warren Bank against the funds in the hands of the Niagara Company existed in equity to enable the funds to be followed into the custody of any other person taking the same with notice of or chargeable with the equities or trusts existing against the funds. And since it is also clear that the statute under which the defendant acts did not supersede the equitable rule at least as to nonresidents, the right of the plaintiff, a nonresident, to proceed under the equitable rules in this court, must remain. Whether or not residents of the state of New York, or those seeking the aid of state courts, are limited to the statutory proceeding, need not be determined here.

[3] Even if the statute had in so many words expressed the intent to supersede the existing equitable and common-law rights, and to provide an exclusive method, it may well be doubted whether it would have any force or effect as to this plaintiff, a resident of Massachusetts, who is not subject to the jurisdiction of the laws of the state of New York as to his equitable or common-law rights, and has not sought the aid of the state courts. If the state of New York may, by legislative act, change the rights or remedies of a citizen of Massachusetts, it may change the rights or remedies of citizens of any other state and of all the states, and its power would, to the extent

of rights arising from property existing in or illegally transferred to the state of New York, be equal to that of Congress. Such contention could not be maintained. In case of diversity of citizenship, one who elects to assert his equitable or common-law rights in a federal court cannot be deprived of them by the statutes of the state in which the federal court happens to exercise jurisdiction at the time. Morrill v. American Reserve Bond Co. (C. C.) 151 F. 305; Chicot County v. Sherwood, 148 U. S. 529, 13 S. Ct. 695, 37 L. Ed. 546. A federal court may not abdicate its duty or authority in any case in favor of another jurisdiction. Kline v. Burke Construction Co., 260 U. S. 226, 234, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077.

[4] It should be remembered, also, that plaintiff is not one of the classes of persons that the statute was designed to cover, viz. policy holders and creditors, who are entitled to share only pro rata in the assets of the company. Plaintiff sues upon an alleged right exclusively his, and is entitled to a lien upon all or none of a specific fund.

The motion must be denied.