GEORGE T. JONES, Appellant, *v.* THE CITY OF BUFFALO, Respondent.

*Municipal officer illegally removed — after notice of an adjudication that he is entitled to the office the municipality is liable to him for his salary, although it has paid it to another incumbent of the place.*

Where an officer or employee of a municipality, appointed under the Civil Service Law, is illegally removed from his office or employment and succeeds in establishing the illegality of his removal in a court of competent jurisdiction the municipality is liable to him, from the time that notice of such adjudication is given to it, for the amount of the salary or compensation attached to the office or employment.

If, after receiving notice of the adjudication that the removal was illegal, the municipality appeals from such adjudication, and, pending the determination of the appeal, continues to pay the removed officer's salary to a person appointed in his stead, it acts at its peril and may, in the event of the appeal being decided adversely to it, be again required to pay such salary to the rightful incumbent.

APPEAL by the plaintiff, George T. Jones, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Erie on the 9th day of June, 1902, upon the verdict of a jury, rendered by direction of the court after a trial at the Erie Trial Term, dismissing the complaint upon the merits.

The action was commenced on the 17th day of June, 1901, to recover the salary or compensation of $100 per month as clerk of the bureau of identification and information in the police department of the city of Buffalo, N. Y., from the 7th day of June, 1899, to the 1st day of February, 1901, amounting in the aggregate to the sum of $1,943.26, together with interest thereon from the 25th day of February, 1901, the time when the plaintiff presented his claim to the city for audit, and when payment was refused.

*Frank Gibbons*, for the appellant.

*Edward L. Jung* and *Charles L. Feldman*, for the respondent.

McLENNAN, J. :

The facts, so far as material to the questions involved upon this appeal, are not in dispute.

On the 22d day of July, 1896, the plaintiff was duly appointed to the position of clerk of the bureau of identification and information in the police department of the city of Buffalo. On the 30th day of July, 1896, he took the oath of office prescribed by law and entered upon the discharge of his duties. His appointment was made pursuant to and he held his position under the provisions of the Civil Service Law of the State (Laws of 1883, chap. 354, as amd.; Laws of 1899, chap. 370, as amd.), and, therefore, could not be removed therefrom except upon notice, for good and sufficient cause and upon charges properly made and proven. The salary of the position, or the compensation for discharging the duties of clerk of said bureau, was $100 per month. From the date of his appointment until the 7th day of June, 1899, the plaintiff continued to occupy and discharge the duties of said position, and received from the defendant, monthly, the salary or compensation therefor. Upon that day he was illegally removed by the board of police commissioners of the defendant and was prevented from discharging any of the duties pertaining to the position, although he offered to perform the same, and was at all times ready and willing to do so, and so informed the board.

Immediately upon his removal the plaintiff instituted certiorari proceedings against the board of police commissioners of the city of Buffalo, with the result that its action in discharging the plaintiff

was declared to be illegal and void, and was vacated and set aside by this court by an order duly entered on the 24th day of July, 1900. (*People ex rel. Jones* v. *Diehl*, 53 App. Div. 645.) From that determination an appeal was taken to the Court of Appeals, and the decision of the Appellate Division was in all things affirmed. (165 N. Y. 643.) On January 30, 1901, the order of the Court of Appeals was made the order of the Erie County Special Term, and on that day was served upon the attorney for the board of police commissioners, who was also corporation counsel of the defendant. Thereupon said board reinstated the plaintiff, and ever since that time he has occupied such position, discharged the duties of the same and received the salary or compensation therefor, namely, $100 per month.

When the board of police commissioners removed the plaintiff it immediately appointed one Whitwell in his place, and he continued to occupy the position and perform the duties thereof until the plaintiff was reinstated, and during such entire time Whitwell was paid by the defendant the full salary or compensation. No formal notice of plaintiff's removal, or of any of the steps taken in the certiorari proceeding was given to or served upon the comptroller of the defendant, or any other officer or department of the city, except the board of police commissioners and the corporation counsel; but the comptroller and mayor of the city had knowledge of such facts and of the decision made by the Appellate Division.

The defendant, however, contends that although the plaintiff was illegally removed, and was adjudged to have been by a court of competent jurisdiction, to the knowledge of the defendant, another person having been appointed in his place, who performed the duties of the office, and having been paid the full salary or compensation therefor by the defendant, the plaintiff has no right of recovery against it, not even for the salary which became due after such adjudication.

It may be said at the outset, if defendant's contention is correct, that the Civil Service Law may be rendered nugatory at the pleasure of an officer or department of a municipal government, and even the courts are powerless to compel its observance.

To illustrate : An officer or employee of a municipality, appointed under the Civil Service Law of the State, who is removed from

office or employment, may immediately institute proceedings which result in an adjudication by a court of competent jurisdiction that such removal was illegal, and that he is entitled to be reinstated and, of course, to receive the salary of the office. An appeal is taken to the Court of Appeals, which delays the final determination of the question for a year or two years, and until the term of office or employment has, perhaps, expired, when the decision of the lower court is affirmed. Then the person so illegally removed seeks to recover from the municipality his salary, that being *prima facie* the damages sustained. If defendant's contention is correct, a perfect defense is established by showing that when he was so illegally removed another person was appointed in his place, and was paid the full salary or compensation of the position; that, notwithstanding the decision of the court, the defendant was justified in continuing to employ and pay the *de facto* officer, and for the time it did so the *de jure* officer cannot recover compensation.

While the authorities upon the question are apparently somewhat contradictory, we think they do not support the respondent's contention. The rule which we adduce from the authorities is that where an officer or employee of a municipality, appointed and holding his position under the Civil Service Law, is illegally removed by the municipality, or by an officer or agency of such municipality, if such illegally removed officer or employee institutes proceedings and establishes the illegality of his removal in a court of competent jurisdiction, from that time at least, provided notice of such adjudication is brought to it, the municipality is liable to the officer or employee for the amount of the salary or compensation of the office or employment, notwithstanding such salary or compensation may have been paid to another.

In *Demarest* v. *Mayor* (147 N. Y. 203) it was said: "Payment of salary to a *de facto* officer while he is holding the office and discharging its duties is a defense to an action brought by the *de jure* officer against the municipality to recover the same salary."

In that case, however, it had not been judicially determined that the plaintiff was the *de jure* officer prior to the period for which he sought to recover the salary of the office, and that, we think, is the controlling distinction between that case and the one at bar. In that case the court said, in speaking of the *de facto* officers (p. 208):

"Their acts will not be invalidated nor official dealings with them be affected by reason of some illegality in their election *not judicially declared.*"

There is much reason in the proposition that a fiscal officer of a municipality ought not to pay, at the peril of the municipality, a person who is discharging the duties of an office, and is the *de facto* officer. When, however, it is established by a court of competent jurisdiction that such person has no right to the office, if the municipality, in the face of such judgment, continues to pay the intruder, it should do so at its peril.

*Higgins* v. *Mayor* (131 N. Y. 128) is a case where an employee of the city of New York was improperly discharged. He instituted proceedings in the courts which resulted in his reinstatement. He then brought an action to recover his salary from the time of his unlawful discharge until the time he was reinstated. It appeared that during that time another had been appointed to and performed the duties of the office, and had been paid by the city. It was held that the plaintiff could not recover, and such must be regarded as the law; but in the opinion in that case it is nowhere intimated that the municipality would have been relieved from liability if it had continued to pay a person who had been judicially determined to be an intruder in the office, after it had knowledge of such determination.

In *Dolan* v. *Mayor* (68 N. Y. 274) it was held: "Disbursing officers charged with the duty of paying official salaries, have, in the discharge of that duty, a right to rely upon the apparent title of an officer *defacto*, and to treat him as an officer *de jure* without inquiring whether another has the better right."

But it was also held in that case that the *de jure* officer was entitled to recover whatever salary remained unpaid to the *de facto* officer after his status was judicially determined, although the services were rendered by the latter.

*Terhune* v. *Mayor* (88 N. Y. 247) was an action brought by a person who was improperly discharged from an office, and was reinstated by judgment of the Supreme Court, to recover the salary from the time of his discharge to the time of the rendition of such judgment. It was held that no recovery could be had.

Many other cases to the same effect might be cited, but none of them, we think, support the respondent's contention. They do establish the proposition that for the period from the time of plaintiff's removal until such removal was adjudged to be illegal, and judgment was entered accordingly and notice thereof given to the defendant, the plaintiff cannot recover; but they do not hold that he may not recover from the time when defendant was informed of such adjudication until he was finally reinstated.

The case of *Mc Veany* v. *Mayor* (80 N. Y. 185) is exactly in point, and sustains the plaintiff's right to recover the salary for that period. In that case Judge FOLGER, in an exhaustive opinion, reviews all the cases which up to that time had been decided by the courts of this State bearing upon the subject, and the rule laid down as applicable to the question now being considered is stated in the head note as follows: " So, also, where, after an adjudication against the one in the office, and after notice thereof to the disbursing officer of the municipality, the intruder still continues to perform the duties of the office, the rendition of the services is in behalf of the one entitled to the office, the compensation accruing therefor belongs to him, and he may maintain an action against the municipality to recover the same, although the disbursing officer has paid it to the intruder."

So far as we have been able to discover the rule thus stated has never been criticised, or the decision in any manner overruled by any subsequent decision of the Court of Appeals. It, therefore, must be regarded as the law applicable to this case. It certainly is a reasonable rule. If followed no serious hardship can come to any party. An officer who is illegally removed may at once bring proceedings, and test the alleged illegality of his removal. Under the practice a decision may be speedily had. If it is determined that the officer was illegally removed, and that he should be reinstated, and notice of such determination is given to the municipality, it ought to obey, and not defy the decision of the court, and if it appeals to the court of last resort without obtaining a stay, and is unsuccessful, its act in simply keeping the intruder in office and continuing to pay him regularly pending the decision of the appeal ought not to prevent the person rightfully entitled to receive the salary during that time from recovering it. Under the cases cited it is clear that

no recovery can be had for the period between the time of the illegal removal and the time when such removal was adjudicated to be illegal, and such adjudication was brought to the knowledge of the municipality; but after such adjudication payment to the *de facto* officer does not relieve the municipality from liability. It runs the risk of being obliged to again pay the salary to the *de jure* officer, in case the adjudication is finally affirmed by the court of last resort. Such rule enables the court to enforce observance, in some measure at least, of the provisions of the Civil Service Law.

The conclusion is reached that upon the facts presented by this record the plaintiff is entitled to recover at the rate of $100 per month for the time after the decision of this court, and knowledge of it had been brought to the defendant, and the time when the plaintiff was reinstated in office.

The judgment appealed from having dismissed the complaint, it follows that it should be reversed and a new trial granted, with costs to the appellant to abide event.

ADAMS, P. J., WILLIAMS, HISCOCK and NASH, JJ., concurred.

Judgment reversed and new trial granted, with costs to appellant to abide event, upon questions of law only, the facts having been examined and no error found therein.