GEORGE T. JONES, Respondent, *v.* THE CITY OF BUFFALO, Appellant.

MUNICIPAL CORPORATIONS — WHEN A CITY IS LIABLE FOR SALARY OF OFFICER ILLEGALLY REMOVED, PENDING AN APPEAL FROM AN ORDER OF THE COURT VACATING HIS DISCHARGE. Where a municipal employee appointed pursuant to the Civil Service Law and protected by the provisions thereof from removal except upon notice and for cause judicially established; is removed and another appointed in his place, and upon certiorari his removal is declared illegal and void and is set aside and vacated by an order of the Appellate Division, of which decision the comptroller and mayor of the city had knowledge, and from which the city appealed to the Court of Appeals, which affirmed the decision, and thereupon the clerk was reinstated, he may maintain an action against the city for the salary of the office, from the time that the city authorities were notified of the order of the Appellate Division vacating his discharge until the time he was reinstated, since it was the duty of the city to obey the

order and not defy the decision of the court, and it is not protected from liability because it had paid the salary to the person, who, by the adjudication, was an usurper and not entitled to hold the place.

*Jones* v. *City of Buffalo,* 79 App. Div. 328, affirmed.

(Argued February 23, 1904; decided March 15, 1904.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 19, 1903, reversing a judgment in favor of defendant entered upon a verdict directed by the court and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles L. Feldman, Corporation Counsel (Edward L. Jung* of counsel), for appellant.   Plaintiff's position was not a public office, and he was not a public officer, but only an employee of the defendant.   The salary does not, therefore, attach to the position, and having rendered no services for the defendant during the time intervening between his discharge and reinstatement, he cannot recover. (*Higgins* v. *Mayor, etc.,* 131 N. Y. 128; *Meyers* v. *Mayor, etc.,* 69 Hun, 291; *Fitzsimmons* v. *City of Brooklyn,* 102 N. Y. 536; *Steinson* v. *Bd. of Education,* 165 N. Y. 431; *O'Hara* v. *State,* 46 App. Div. 518; *Graham* v. *State,* 167 N. Y. 85.)   The plaintiff is precluded from any recovery in this case, it appearing that he had been removed from his position, another appointed and employed in his place, whose appointment on its face was regular, who performed the duties, and that the defendant had paid to the latter the salary claimed by the plaintiff in this action. (*Dolan* v. *Mayor, etc.,* 68 N. Y. 274; *Mc Veany* v. *Mayor, etc.,* 80 N. Y. 185; *Terhune* v. *Mayor, etc.,* 88 N. Y. 247; *Demarest* v. *Mayor, etc.,* 147 N. Y. 208; *Martin* v. *City of New York,* 176 N. Y. 371; *Higgins* v. *Mayor, etc.,* 131 N. Y. 128; *O'Hara* v. *Mayor,* 46 App. Div. 518; 167 N. Y. 567; *Van Valkenburg* v. *Mayor, etc.,* 49 App. Div. 208.)

*Frank Gibbons* for respondent.   The claim that the plaintiff cannot recover, because he rendered no services to the city during the time the litigation was pending, and that salary can only be collected in return for services actually rendered cannot be sustained.   (*Fitzsimmons* v. *City of Brooklyn*, 102 N. Y. 536; *Steinson* v. *Board of Education*, 165 N. Y. 431; 49 App. Div. 143; *Graham* v. *City of New York*, 167 N. Y. 85.)   In any event the plaintiff is entitled to recover all salary which accrued after the judgment of the Appellate Division before his reinstatement.   (*McVeany* v. *Mayor, etc.*, 80 N. Y. 185.)

O'BRIEN, J.   The plaintiff was a clerk having charge of a bureau in the police department of the city of Buffalo, and he brought this action to recover his salary.   The complaint was dismissed at the trial, but the judgment entered against the plaintiff has been reversed by the court below and a new trial granted.   From this order and the judgment entered thereon the city has appealed to this court, stipulating for judgment absolute in case the judgment appealed from is affirmed.

The facts are practically undisputed.   It appears that on the 22d day of July, 1896, the plaintiff was appointed to the position referred to and his right to the salary of the place accrued on that day.   The appointment was made pursuant to the provisions of the Civil Service Law and the position was held by him protected by all the restrictions of that statute upon the power of removal.   The plaintiff could not have been removed except upon notice and for cause judicially established.   From the date of his appointment until the 7th day of June, 1899, the plaintiff continued to occupy and discharge the duties of the position and receive from the defendant the monthly salary or compensation therefor.   Upon that day he was removed by the board of police commissioners and, of course, prevented from discharging any of the duties pertaining to the position although he offered to perform the same and was at all times ready and willing to do so and so informed the board.

Immediately upon the plaintiff's removal he procured a writ of certiorari against the police board, with the result that the plaintiff's discharge was declared to be illegal and void and was vacated and set aside by the Appellate Division of the Supreme Court on the 24th day of July, 1900. (*People ex rel. Jones* v. *Diehl*, 53 App. Div. 645.) An appeal was taken from that decision to this court and the order was, in all things, affirmed. (165 N. Y. 643.) The decision of this court was served upon the city authorities on the 30th day of January, 1901, and thereupon the board reinstated the plaintiff, who has ever since that time occupied the position, discharging the duties of the same and receiving the salary therefor.

When the police board removed the plaintiff it immediately appointed another person in the place, who continued to occupy the position and perform the duties thereof until the time when the plaintiff was reinstated and during this period the defendant paid to this incumbent the full salary. The comptroller and mayor of the city had knowledge of the fact of the plaintiff's removal by the police board and the reversal of that determination by the Appellate Division of the Supreme Court.

The question in this case is whether, when an officer or employee of a city, protected by the civil service or by law against removal without cause, has been illegally removed and the illegality of the removal has been adjudicated by the courts and notice thereof communicated to the city authorities the municipality is protected from that time by payment of the salary made to a person who, by the adjudication, was an usurper and not entitled to hold the place. The defense of the city in this case is that it has paid the salary which the plaintiff was entitled to receive, to another person whom the courts have held was not legally in the position. The point involved in this case was decided in this court in the case of *Mc Veany* v. *Mayor, etc., of N. Y.* (80 N. Y. 185). The principle there laid down was stated by the court in these words: "So, also, where, after an adjudication against the one in the

office, and after notice thereof to the disbursing officer of the municipality, the intruder still continues to perform the duties of the office, the rendition of the services is in behalf of the one entitled to the office, the compensation accruing therefor belongs to him, and he may maintain an action against the municipality to recover the same, although the disbursing officer has paid it to the intruder." That would seem to be a reasonable rule. When it is once determined by the courts that the officer or employee was illegally removed, and that he should be reinstated and notice of such determination is given to the municipal officer whose duty it is to pay, then the city ought to obey and not defy the decision of the court. In this case, when the mayor and comptroller had notice of the decision of the court that the removal was illegal and the appointment of the other person unauthorized, it made payment to the intruder at the peril of being subsequently compelled to pay the person who had the legal right to the salary. There is no hardship in this rule, since the city can always protect itself in case of a dispute between two parties as to the right to the salary, by refusing to pay either, or, if sued by either, by then compelling them to interplead as in other cases where a party is subjected to conflicting claims by different persons for the same thing or the same debt or obligation.

Numerous cases have been cited by the learned counsel for the defendant, which he claims are inconsistent with the rule above stated. (*Martin* v. *City of New York*, 176 N. Y. 371; *Higgins* v. *Mayor, etc.,, of N. Y.*, 131 N. Y. 128; *Demarest* v. *Mayor, etc., of N. Y.*, 147 N. Y. 208; *Terhune* v. *Mayor, etc., of N. Y.*, 88 N. Y. 247; *O'Hara* v. *City of New York*, 46 App. Div. 518; affirmed, 167 N. Y. 567; *Van Valkenburgh* v. *Mayor, etc., of N. Y.*, 49 App. Div. 208.) These cases have all been examined and explained in the learned opinion below. (*Jones* v. *City of Buffalo*, 79 App. Div. 328.) It will be seen that the point presented in the case at bar did not arise in any of these cases. It was not held in any of them that the city would be protected by payment

to a usurper after notice of an adjudication that he was such and that the displacement of the rightful incumbent was illegal, and in some of them the principle asserted by the plaintiff's counsel in this case was impliedly recognized.

In this case the learned court below reversed the judgment dismissing the complaint upon questions of law only, certifying that the facts had been examined and no error found therein. This court is, therefore, justified in disposing of the case upon the principle that the facts hereinbefore stated have been conclusively established. We think that the case was correctly decided below, and that the order appealed from should be affirmed and judgment absolute ordered for the plaintiff on the stipulation, with costs.

PARKER, Ch. J., BARTLETT, MARTIN, VANN and WERNER, JJ., concur; GRAY, J., absent.

Order affirmed, etc.