In the Matter of the Application of JAMES J. WHITE, Respondent, for a Mandamus Order against C. A. HARRELL, as City Manager of the City of Binghamton, and Others, Appellants.

Third Department, January 19, 1934.

*William L. Lewis, Corporation Counsel,* for the appellants.

*Herbert H. Ray,* for the respondent.

HILL, P. J.   The appellants are the city manager, comptroller and treasurer, respectively, of the city of Binghamton, and have appealed from a final mandamus order and judgment which directs that respondent be reinstated and appointed to the position of assistant engineer, sewer construction, and that he be paid the salary of such position from January 16, 1932, to the date of the reinstatement.

Respondent, a veteran of the World war, was first employed by the city on May 14, 1917.   In November of that year he was appointed from a civil service list of the city to the position of chainman, bureau of engineering, and in 1920 he became instrument man, bureau of engineering, and later in the same year was transferred to the bureau of water and made clerk to the superintendent. Each of these later appointments was made after a civil service examination.   On January 7, 1932, he was discharged, the notice being in writing, signed by the city manager, and concluding with the statement: "The City of Binghamton will not require your services after January 15th."   The Special Term, by an order of peremptory mandamus dated February 19, 1932, directed the appellants forthwith to reinstate and transfer the respondent to the position of assistant engineer, sewer construction.   Upon appeal, this order was reversed (*Matter of White* v. *Harrell,* 236 App. Div. 206) on the ground that an issue of fact was raised by the answering affidavits that could be determined only under an alternative order of mandamus.   This was granted, the issues of fact have been tried before the court and a jury, the latter deciding by its verdict that respondent was a veteran of the World war, that on January 16, 1932, the day following his wrongful discharge, a vacancy which he was qualified to fill existed in the position of assistant engineer, sewer construction.   These findings were sustained by the evidence. A general verdict was entered upon the special verdict of the jury.

Appellants question the direction requiring payment of salary to respondent to the time of his reinstatement contained in the final order, and argue that, if any salary is to be paid, it should terminate on March 21, 1932, because the common council of the city on that day adopted an ordinance " That the position of Assistant Engineer, Sewer Construction in the Bureau of Engineering, Department of Public Works, be and the same hereby is abolished."   This ordinance is not mentioned either in the petition for the mandamus order or in the answering affidavits.   It was first offered upon the trial by the attorney for the respondent, " solely for the purpose of

showing that the position of Assistant Engineer, Sewer Construction, existed upon the 16th of January, 1932." Later it was offered generally by the attorney for the appellants. Respondent's objection to its receipt for any purpose, " except as it bears upon the questions of fact at issue in this case," was overruled. It was conceded also upon the trial that the peremptory order of mandamus requiring respondent's reinstatement had been served upon the appellants before the adoption of the ordinance.

The differing doctrines as to the right of an official wrongfully removed to recover back salary as announced in some of the earlier cases (*Dolan* v. *Mayor,* 68 N. Y. 274; *McVeany* v. *Mayor,* 80 id. 185; *Terhune* v. *Mayor,* 88 id. 247; *Higgins* v. *Mayor,* 131 id. 128; *Jones* v. *City of Buffalo,* 178 id. 45) have been reconciled by statute (Civ. Serv. Law, § 23). " A public office or position is not property in the sense in which that term is generally used, but it is idle to say that one who is wrongfully removed from a position in the civil service does not sustain an injury. He is deprived of a right. * * * The loss is the amount of salary of which plaintiff has been deprived by defendant's wrongful act. If plaintiff had so elected, he might have, with proper parties and allegations, had damages awarded to him in the mandamus proceeding wherein he was reinstated. (Code Civ. Pro. § 2088 [now § 1338, Civ. Prac. Act]; *People ex rel. Goring* v. *Prest, etc., of Wappingers Falls,* 151 N. Y. 386, 389.) " (*McGraw* v. *Gresser,* 226 N. Y. 57.) Damages may be assessed and their payment directed in a final order of mandamus (Civ. Prac. Act, § 1338), but in cases where a veteran has been unlawfully removed from a civil service position, restoration to the position is a condition precedent to the right to receive the salary and to have an assessment thereof as damages in the final order. (Civ. Serv. Law, § 23; *Prowler* v. *City of New York,* 216 App. Div. 824; *Sutliffe* v. *City of New York,* 132 id. 831; *People ex rel. Collins* v. *McAneny,* 144 N. Y. Supp. 121.) The rights of the respondent which had accrued were not affected by the subsequent legislative acts of the common council. (Gen. Constr. Law, § 93.) Respondent had been deprived of a right through appellants' wrongful act. (*McGraw* v. *Gresser, supra.*) " The court cannot under guise of an amendment or repeal of a statute, cut off any substantial right of a party to have his case decided on the merits according to the law of the land." (*Lazarus* v. *Metropolitan Elevated R. Co.,* 145 N. Y. 581, 585.) The equitable rule requiring relief according to the exigencies of the case at the close of the trial does not apply.

Notice of the peremptory order of mandamus was served upon appellants before March 7, 1932. This directed that respondent

be reinstated and transferred to the position of assistant engineer. True that order was reversed, but only because the pleadings raised an issue as to the existence of the position. A jury has determined that it did exist. The adoption of the ordinance abolishing it is tantamount to an admission that the position did exist and was vacant at the time of respondent's discharge. When the officials of a city have defied the decision of the court and refused to reinstate an officer wrongfully removed, there is no hardship in requiring payment of salary improperly withheld. (*Jones* v. *City of Buffalo*, 178 N. Y. 45, 49.)

The position is now abolished, except for the purpose of permitting respondent's reinstatement. That accomplished, and his back salary paid, his service therein will terminate at once. He will have then the rights given him by section 22 of the Civil Service Law, as to a vacancy in any other position.

The order should be affirmed, with costs.

RHODES and HEFFERNAN, JJ., concur; McNAMEE, J., dissents, with an opinion; BLISS, J., concurs in that portion of the majority opinion and decision which provides for the affirmance of that portion of the mandamus order directing the petitioner's appointment to the position of assistant engineer, sewer construction; and dissents from that portion of the majority opinion and decision which holds that petitioner was entitled to the salary of the position of assistant engineer, sewer construction, after the abolishment of that office on March 21, 1932. The petitioner had no vested right which prevented the abolishment of that position. (*Sutliffe* v. *City of New York*, 132 App. Div. 831.) Section 23 of the Civil Service Law gave him the right only to " the same compensation therefor from the date of such unlawful removal to the date of his said restoration to said position or employment which he would have been entitled by law to have received in such position or employment but for such unlawful removal." He would not have been entitled to receive in such position any salary beyond the date of its abolishment.

McNAMEE, J. (dissenting). The salient facts in this case appear in the record substantially without dispute; and no bad faith is charged. The petitioner was a World war veteran in the civil service of the city of Binghamton, entitled to the protection of sections 21, 22 and 23 of the Civil Service Law; and his rights are to be determined as of January 15, 1932. On that day he held a position as clerk in the bureau of water. The city had adopted the city-manager plan of government, and the council passed an ordinance for the abolishment of that office, to be effective January

15, 1932; and the city manager accordingly, by notice in writing, dismissed petitioner on the latter day. On the day of dismissal the position of assistant engineer existed and was vacant, and the petitioner was competent to fill it, and accordingly was entitled to be transferred thereto. This mandamus proceeding to reinstate the petitioner was begun on February 13, 1932. On March 7, 1932, the council abolished by ordinance the office of assistant engineer; and on the same day conferred on the city manager, the regular appointing power, the authority to determine when a vacancy in any city position, to be held by an employee, should be filled. There is no proof in the record that there was a vacancy in any position in the city service, other than that of assistant engineer, to which the petitioner might have been transferred.

The city appears to have been in the throes of transition between its old charter government and that under the city-manager plan, and the people had determined to abolish needless offices, to reduce city affairs to a more business-like basis, to avoid waste, and to practice economy. In the effort to accomplish these ends and in treading this new ground, it is hardly to be expected that laymen or even lawyers will accurately judge in each instance the powers granted, and those withheld, and the correct practice to be pursued. Prolonged litigation in this proceeding has resulted from this disagreement, in the effort to determine plaintiff's rights, during which nearly two years have elapsed, and the case is now in this court the second time (236 App. Div. 206).

It may be conceded that the petitioner could have been transferred on January 15, 1932, to the position of assistant engineer, and that it was a violation of petitioner's rights to refuse that transfer. But the real question in this case is not, however, whether the petitioner shall be put back into a position as clerk in the bureau of water, and then transferred to that of assistant engineer, but rather whether the city of Binghamton shall be called upon to pay petitioner salary for approximately two years, amounting to nearly $5,000, instead of for a period of two months, amounting to about $400, because both of the offices in question were legally abolished by the city on March 7, 1932, and before the order appealed from was made. The making of an order on July 14, 1933, to reinstate and to transfer the petitioner in accordance with his demand amounted to the merest fiction, because there was no office to which he could be restored. And assuming, without conceding, that it was proper to submit to the jury the two questions, (1) of the existence of an office, and (2) of a vacancy therein on January 15, 1932 (both facts appearing as matters of official public record), the petitioner had no legal right to be retained in office when the

office which he had held, or to which he might have been transferred, had been abolished. This conclusion has been stated by the courts repeatedly and in vigorous language. (*Matter of Breckenridge*, 160 N. Y. 103; *People ex rel. Chappel* v. *Lindenthal*, 173 id. 524; *Matter of Stutzbach* v. *Coler*, 168 id. 416; *Tonkin* v. *Leary*, 234 App. Div. 448; affd., 259 N. Y. 510.)

The petitioner's right to damages against a city official, in this proceeding, has its origin in section 23 of the Civil Service Law. But that section provides only for the payment of lost compensation from the day of the unlawful removal to the date of restoration, " *which he would have been entitled by law to have received* \* \* \* *but for such unlawful removal.*" If he had not been removed in the way complained of, his employment would have ceased in two months, when the office was abolished. It is not convincing to say that the Legislature intended to set up in this statute a mere form or fiction, and thereby fasten on the city an unreasonable burden. It was the beneficent purpose of the statute to protect veterans against unfair discrimination and the attendant loss, not to penalize the city for its effort at the provident management of its own affairs.

It is urged that restoration is a condition precedent to the right to have damages assessed in the final order, under section 23 of the Civil Service Law. That may be true when that course is reasonable and that end attainable; but here the Legislature has not provided for a case where the position was abolished lawfully and in good faith pending the proceeding to review. But recovery of damages actually suffered is not thereby precluded. The injured party has his action at law for the damages suffered by reason of unlawful removal from a civil service position, even when good motives prompt the unwarranted removal. (*McGraw* v. *Gresser*, 226 N. Y. 57.)

Section 93 of the General Construction Law is cited in support of petitioner's contention that he may be paid salary until reinstated under an order. That section, in so far as it may bear on rights involved here, saves only those rights which had accrued on January 15, 1932, and gave no right to a continuance of the civil service position in question. Doubtless it continued his right to the salary as long as the position existed, but not beyond that point. (*Breckenridge*, *Chappel*, *Stutzbach* and *Tonkin Cases, supra.*) To accede to the contention of the petitioner here, one or the other of two conclusions is inescapable: Either the mistaken view of the city manager and the unlawful removal that resulted stripped the city of power lawfully and in good faith to abolish a needless and expensive office,

or thereby the petitioner's right to the salary in question was enlarged far beyond the time when the office ceased to exist, and to the unforeseen end of this litigation. In other words, the commencement of this proceeding had the effect of curtailing the powers of the city, or enlarging the rights which the petitioner had on January 15, 1932.

Concededly, the petitioner's present rights are those of salary only, while the main objective of section 23 of the Civil Service Law is to regain possession of a civil service position. This latter objective is no longer attainable, and the right to salary may be enforced in an action. This proceeding lost its main purpose by the action of the city taken lawfully and in good faith, somewhat as would be the case in an action to recover the possession of property that was destroyed without fault before judgment. The final order should be reversed, and the petition dismissed.

Order and judgment affirmed, with costs.