Desmond, J. (dissenting).
Every consideration of justice and fair play suggests that we should join the Appellate Division in vindicating plaintiffs ’ rights as already declared by the United States Supreme Court. No statute or controlling precedent stands in the way. Yet this court rejects their suit on the most narrow of procedural grounds.
In March, 1953 the Board of Higher Education illegally discharged these plaintiffs and others from their employment as teachers. Some of the others (including persons named Slochower and Shlakman) promptly brought article 78 mandamus-type proceedings for reinstatement. In May, 1953, two months after these discharges, the board in most positive and explicit language stipulated that these plaintiffs need not bring article 78 proceedings of their own but that they would be entitled to the relief obtained by petitioners in the pending Slochower-Shlakman proceeding. The United States Supreme Court held in April, 1956 (350 U. S. 551) that Slochower had been illegally discharged. Slochower, by order of this court, was then reinstated with back salary (2 N Y 2d 719). “ The discharge ”, wrote the Supreme Court, “ falls of its own weight as wholly without support ” (p. 559). Yet these present plaintiffs, fortified not only by the rule of stare decisis but by the board’s express stipulation, are being denied redress of any kind.
"When, after the Supreme Court decision, these plaintiffs moved in Special Term to have Slochower’s final order extended to them, they were defeated on the thin-as-air ground that the stipulation was without effect since not all the Slochower-Shlakman petitioners had carried their appeals to the Supreme Court. Special Term even held that the board had not by the stipulation waived the four months’ limitation of article 78 of the Civil Practice Act. That Special Term order was of course an incorrect interpretation of the stipulation. However, we are now told that because plaintiffs did not appeal from that order they lost all rights to redress in any forum or proceeding. I do not see why. Failure to appeal from the order might defeat any further attempt by them to get a *446 reinstatement order on the stipulation alone. That order might even, by refusing to give effect to the stipulation, prevent the bringing by these plaintiffs of a new article 78 proceeding, since the four months’ time limitation therefor had, of course, expired while Slochower’s case was on its way up to the United States Supreme Court. But there still stood and still stands the determination of the Supreme Court that the discharge was without warrant of law. Since the board and Special Term would not enforce the stipulation, since on the faith of the stipulation plaintiffs had brought no proceeding of their own, since the board would not abide by the Supreme Court ruling and reinstate them, their only remedy was to sue for back salary, and this is such a suit. But then appeared a new defense. The board, having by stipulation agreed that plaintiffs need not bring a reinstatement proceeding, is now successfully using as a defense against the back salary claim that no reinstatement proceeding was brought. Surely a defense so lacking in equity should be rejected by the courts unless rejection is impossible under controlling authorities. I know of no such authorities.
It is the general rule, of course, that an “ employee who is illegally removed or suspended may recover back pay for the period of removal” (Rhyne, Municipal Law, § 8-22, pp. 157-158). There is no statute and not even an intimation in any statute which requires that a discharged public employee bring a mandamus-type proceeding as a preliminary to suing for back pay. The rule or practice requiring that reinstatement be first decreed was one made by the courts themselves. Formulated by the courts to accomplish justice, it has been held by the courts to be inapplicable where a clear legal right to reinstatement has been otherwise established (see Steinson v. Board, 165 N. Y. 431; Toscano v. McGoldrick, 300 N. Y. 156) or where there are other special circumstances (Bean v. Clausen, 113 App. Div. 129). There is at least one case in this court (Burke v. Holtzmann, 196 N. Y. 576) where a plaintiff illegally refused an appointment was allowed to sue for damages without first petitioning for mandamus. Here, the right to reinstatement was declared in an identical case by the highest tribunal. What proper judicial purpose could be served by saying at that point that a long-outlawed reinstatement proceeding was a pre *447 requisite to relief, especially since the board had solemnly stipulated that no such proceeding need be brought by these people ?
Of course, a discharged public employee should not be allowed to sit back for six years without demand or suit, then sue for back salary for those years. But nothing like that happened here. By the May, 1953 stipulation it was established that plaintiffs were demanding relief. When the Supreme Court decided in favor of Slochower, these plaintiffs moved in Special Term for reinstatement and the board opposed the application. Plaintiffs have done everything possible to assert their rights. Indeed, defendant board by moving to dismiss the complaint is admitting, as it must, the fact pleaded in the complaint that plaintiffs, as the board well knows, have been ever since their dismissal ready, able and willing to go back to their jobs.
“ When it is once determined by the courts that the officer or employee was illegally removed, and that he should be reinstated and notice of such determination is given to the municipal officer whose duty it is to pay, then the city ought to obey and not defy the decision of the court ” (Jones v. City of Buffalo, 178 N. Y. 45, 49).
The order should be affirmed, with costs, and the question certified answered in the affirmative.
Judges Dye, Froessbl, Van Voorhis and Burke concur with Chief Judge Conway ; Judge Desmond dissents in an opinion in which Judge Fuld concurs.
Ordered accordingly.