◼    In the Matter of PAUL W. BRAYER, as Personnel Director of the City of Rochester, et al., Appellants, v FREDERICK W. LAPPLE, as Executive Director of the Monroe County Civil Service Commission, et al., Respondents.—Judgment unanimously affirmed, with costs, and matter remitted to Monroe County Supreme Court for further proceedings in accordance with the following memorandum: This is the second appeal to this court in this matter. The facts are fully set forth in our memorandum on the first appeal (52 AD2d 1034, 1035), wherein we determined that since respondent-appellant Donald P. Briggs, Jr. "had been unlawfully terminated from his position as electrical inspector of the City of Rochester, he is also entitled under the provisions of section 77 of the Civil Service Law to receive the salary to which he would have been entitled but for such unlawful removal". We directed his reinstatement to the position with back pay for the period since his removal less any amount earned by him from other employment. The case was remitted to Special Term to compute the back pay, and the City of Rochester is now appealing from the judgment awarded respondent Briggs, Jr. Appellants failed to reinstate respondent claiming that they had abolished respondent's position on December 2, 1974. They assert that Special Term erred in ordering back pay from the date respondent was terminated, May 24, 1974, through October 18, 1976. We do not agree with appellants' contentions. As was stated in *Matter of White v Harrell* (239 App Div 604, 607), "[t]he adoption of the ordinance abolishing [the position] is tantamount to an admission that the position did exist and was vacant at the time of respondent's discharge. When the officials of a city have defied the decision of the court and refused to reinstate an officer wrongfully removed, there is no hardship in requiring payment of salary improperly withheld. *(Jones v. City of Buffalo,* 178 N. Y. 45, 49.)" The alleged abolition of the position after litigation was commenced was ineffective (cf. *Matter of Folkes v Hushion,* 283 NY 536; *Matter of Roulett v Town of Hempstead Civ. Serv. Comm.,* 71 Misc 2d 477, affd 40 AD2d 611). Respondent is entitled to be reinstated to his former position and back pay should be paid to him to the date of reinstatement, in addition to the amount set forth in the judgment appealed from. The matter is remitted to Special Term for computation of the additional compensation due respondent to the date of reinstatement. (Appeal from judgment of Monroe Supreme Court—article 78.) Present—Cardamone, J. P., Hancock, Denman, Goldman and Witmer, JJ.