OPINION OF THE COURT
 

 Memorandum.
 

 Order of the Appellate Division affirmed, with costs.
 

 The determination of the city on appellant Briggs’ grievance of April 29, 1974, or perhaps the specified date of termination on May 10, 1974, normally would have started the four-month Statute of Limitations running (CPLR 217). However, that determination and the earlier notices of termination were expressly stated to depend on the erroneous "lay-off list” provided by the County Civil Service Commission. Consequently, Briggs was justified in seeking, if not required to seek, to have the erroneous lay-off list corrected. He did not succeed until the State Civil Service Commission’s letter of
 
 *743
 
 August 30,1974 and the county commission’s letter of September 5, 1974. It was from that time, when the city refused to abide by the corrected lay-off list, that the Statute of Limitations started to run. Hence Briggs’ cross motion in this proceeding under CPLR article 78 was timely brought.
 

 Respondent Briggs was entitled to reinstatement at the time this proceeding was brought. Generally the abolition of a position after litigation had started would be ineffective against the employee (see
 
 Matter of White v Harrell,
 
 239 App Div 604, 606-607). Hence, respondent Briggs is entitled to back pay from the time of his wrongful termination to the time of his reinstatement.
 

 In light of the briefing of the case, and the absence of any motion by respondent to dismiss the appeal insofar as it related to the order of the Appellate Division of July 12, 1977, the court grants leave,
 
 sua sponte,
 
 to appeal from that order.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 On the court’s own motion, leave to appeal from the Appellate Division order entered July 12, 1977 granted. Order of the Appellate Division enteréd July 12, 1977 affirmed, with costs, in a memorandum.