■ In the Matter of LUCILLE BUSHAW, Appellant, v COUNTY OF ST. LAW-RENCE et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Cerrito, J.), entered September 13, 1983 in Fulton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the County of St. Lawrence resulting in petitioner's demotion to a lower grade employment position. ¶ On or about January 1, 1983, petitioner was laid off from her motor vehicle clerk position in the St. Lawrence County Clerk's office and given a position in the clerk's office at a lower grade and pay scale. The demotion was brought about by a decision of the St. Lawrence County Legislature to reduce the cost of the operation of that office. ¶ At the time the Legislature made its decision, petitioner and respondent Sandra Fox held the permanent positions of "Motor Vehicle Bureau Clerk". It was determined that one of the two positions should be eliminated to come within the budgetary restrictions. The county personnel officer determined that petitioner had the lesser seniority of the two and she was laid off. ¶ No issue is raised as to the County Clerk's decision to eliminate one of the two positions and no issue is raised as to the necessity to eliminate the employee having the lesser seniority. Petitioner, by this CPLR article 78 proceeding, contends that she had the greater seniority and that the county's contrary decision was illegal. In support of her contention, she argues that the appointment of Fox in June, 1980 was contrary to law, with the consequence that her appointment should be nullified. Alternatively, petitioner argues that if Fox's appointment was proper, there was no legal basis for determining that her prior service in essentially the same capacity in the Steuben County Clerks' office should have been added to her service in St. Lawrence County in determining seniority. Petitioner's years of service in St. Lawrence County exceeded those of Fox but were less than the total of Fox's combined service in the two counties. ¶ Special Term dismissed the petition, holding that it was proper for St. Lawrence County to compute the respective years of seniority as it had. A most important issue raised at Special Term concerned the timeliness of the article 78 proceeding. CPLR 217 requires commencement of an article 78 proceeding within four months after the determination to be reviewed becomes final and binding upon a petitioner. The Fox appointment was made nearly three years before commencement of this proceeding. The determination of petitioner's seniority was made less than four months prior to the filing of the petition herein. ¶ Special Term's decision states that petitioner "is not questioning the appointment of Fox, but rather is seeking to review the county's calculation of her and Fox's seniority". With that preface, the court went on to decide that the proceeding was commenced in a timely manner, less than four months after the county's determination of her seniority. ¶ On appeal, petitioner takes issue with Special Term's statement in regard to her position as to the original appointment of Fox. She contends that the appointment of Fox was illegal because the Civil Service Law required that the appointment be made from an eligible list. Fox was not on the list. Upon that assumption, petitioner contends that she was the only duly appointed motor vehicle clerk at the time that the reduction in force was directed and that the position held by Fox should have been vacated.* ¶ Because of her contention, we must determine whether petitioner's challenge of that administrative decision was timely.

* Because of our determination of the limitations issue, we do not address ourselves to the merits of this argument.

Petitioner cites *Matter of Mulvey v Board of Educ.* (72 AD2d 584), *Matter of Martin v Ronan* (44 NY2d 374) and *Matter of Brayer v Lapple* (44 NY2d 741) as authority supporting her contention that the statute began to run in this proceeding on or about January 1, 1983 when her seniority was computed. We find that the cited cases are distinguishable in a most major aspect. In each of those cases, the administrative decisions had been specifically directed toward the petitioners therein. Here, the decision was directed toward a third person. In the instant proceeding, the appointment of Fox in June, 1980 was final as to all persons affected thereby. The civil service procedures of competitive examinations and eligible lists were designed to permit the hiring of persons best qualified to hold positions in government service (19 NY Jur 2d, Civil Servants and Other Public Officers and Employees, § 260, pp 96-97). Within four months afterwards, the decision was subject to a court challenge or an appeal to the State Civil Service Commission by anyone intended to be benefited by the competitive provisions. Obviously, those persons on the eligible list had standing to challenge the decision, but no challenge was made. ¶ Consequently, we hold that the Statute of Limitations is a bar to a challenge of the Fox appointment. In the cited cases, the rights of third persons were not involved but in this instance they are. To hold otherwise would create chaos by allowing an otherwise disinterested litigant to challenge an administrative decision long afterwards merely because of the happening of more recent events disadvantageous to the litigant. ¶ Because the Fox appointment is an accomplished fact, we may only consider the determination of eligibility. We agree with Special Term that the determination was made in conformance with subdivisions 1 and 2 of section 80 of the Civil Service Law. Fox's service dates from her original permanent appointment to the classified service and was, by operation of the statute, continuous through the date that her seniority was determined. In making that determination, St. Lawrence County sought and relied upon the advice of the State Civil Service Commission. ¶ Judgment affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.