In the Matter of GARY CURTIS, Respondent, v BOARD OF EDUCATION OF THE LAFAYETTE CENTRAL SCHOOL DISTRICT et al., Appellants.

Fourth Department, April 5, 1985

### APPEARANCES OF COUNSEL

*Coulter, Fraser, Ames, Bolton, Bird & Ventre* (*Henry S. Fraser* of counsel), for appellants.

*Heath, Rosenthal & Weissman* (*Debra Weissman* and *Ronald Van Norstrand* of counsel), for respondent.

OPINION OF THE COURT

DILLON, P. J.

The issue to be resolved is whether this CPLR article 78 proceeding, brought more than four years after petitioner's dismissal from his permanent civil service position, and seeking his reinstatement, was timely commenced (*see,* CPLR 217). We hold that it was and, therefore, we affirm Special Term's denial of respondents' motion to dismiss the petition.

The essential facts are not disputed. In November 1979, petitioner received a permanent appointment as automotive mechanic crew leader in respondents' school bus garage. On January 3, 1980, the School Superintendent notified petitioner in writing that he was recommending petitioner's dismissal upon three stated grounds, and that pursuant to the applicable labor agreement, a hearing would be held on January 7, 1980. The hearing was held, as required by Civil Service Law § 75, and on January 21, 1980, the hearing officer recommended that petitioner be dismissed. On the following day, the Board of Education dismissed petitioner. On February 6, 1980, petitioner filed an appeal to the Civil Service Commission pursuant to Civil Service Law § 76, and while the appeal was pending, the Board of Education, by resolution adopted February 12, 1980, abolished the position of automotive mechanic crew leader.

In due course, petitioner's appeal was referred to the Commissioner of Personnel of Onondaga County who, on October 6, 1980, determined that there was insufficient evidence to support the charges made against petitioner. He directed that petitioner "be reinstated to his position as Automotive Mechanic Crew Leader and that in the absence of an available position [his] name be placed on a preferred eligible list pursuant to New York State Civil Service Law appropriately for the period of time required by such law." Petitioner's name was placed on a preferred eligible list.

Petitioner alleges that in January 1984, he learned that the Board planned to appoint another person as automotive mechanic crew leader as soon as petitioner's rights to that position expired. It is also alleged that upon further investigation, petitioner learned that the position had not actually been abolished but that its duties had been performed by other employees working out of title. On February 29, 1984, by letter to the Superintendent of Schools, petitioner demanded his reinstatement. Respondents refused to reinstate petitioner and on March 23, 1984, informed petitioner's counsel "that the statute of limitations regarding the petitioner's rights to the position of

Automotive Mechanic Crew Leader had expired and that the respondent was asserting the defense of Laches." Petitioner's notice of claim was filed on May 15, 1984 and this proceeding was commenced on June 28, 1984.

Respondents moved to dismiss the proceeding as untimely and Special Term denied the motion. On appeal, respondents appear to acknowledge that the proceeding is appropriately classified as one in the nature of mandamus to compel petitioner's reinstatement and that a petition seeking such relief must be brought within four months from the date the demand for reinstatement was refused. They contend, however, that petitioner's demand for reinstatement was made and refused in October 1980 and is thus time barred. In support of that argument, they cite the allegation contained in petitioner's notice of claim that: "[i]n response to [the order of the Commissioner of Personnel], the Board of Education for the LaFayette Central School District, refused to reinstate me to my position and it alleged that the position of Auto Mechanic Crew Leader had been abolished."

Alternatively, respondents contend that even if a demand for reinstatement was not made by petitioner in October 1980, it should have been made within a reasonable time thereafter and that petitioner's undue delay in making demand works to bar the proceeding. As this argument proceeds, respondents assert that petitioner should have known that the School Board's resolution abolishing the position was ineffective because it was made during the pendency of an appeal in the administrative process and that, therefore, the petitioner had an absolute right to reinstatement as ordered by the Commissioner of Personnel on October 6, 1980. The argument concludes that his failure until February 29, 1984 to demand reinstatement constitutes laches.

An article 78 proceeding, no matter what its nature, is the only remedy available to a terminated civil servant seeking reinstatement (*Austin v Board of Higher Educ.*, 5 NY2d 430). Where the aggrieved party is a wrongfully terminated permanent civil service employee seeking reinstatement, his remedy is by way of mandamus to compel the performance of a ministerial act enjoined by law (*Matter of De Milio v Borghard*, 55 NY2d 216). When that remedy is the appropriate form of relief, demand must be made upon the responsible officer to perform his duty and the limitations period (CPLR 217) begins to run from the date the demand was refused (*Matter of De Milio v Borghard, supra*, p 220). An aggrieved employee, upon learning of his right

to make the demand, must do so promptly (*Matter of Devens v Gokey*, 12 AD2d 135, *affd* 10 NY2d 898; *see also, Matter of Lefrak v Procaccino*, 52 AD2d 1016, *lv denied* 40 NY2d 801). The limitations period will not indefinitely be extended by delay in making the demand (*Austin v Board of Higher Educ., supra*), and unexcusable delay will bar the proceeding (*Matter of Devens v Gokey, supra*). While undue delay is sometimes characterized as laches, prejudice is not an element to be considered (*Matter of Barbolini v Connelie*, 68 AD2d 949, *mot to dismiss appeal granted* 47 NY2d 1011); the test is simply whether the aggrieved person failed for an unreasonable period of time to demand performance of the duty (*Matter of Perry v Blair*, 49 AD2d 309).

Here, there can be no doubt that petitioner's appropriate remedy is mandamus to compel. He seeks reinstatement to a permanent civil service position from which he was wrongfully terminated. The act which he seeks to compel is purely ministerial and its performance is required by law. Had petitioner made a demand for reinstatement which was refused by the Board of Education in October 1980, or if he had reason to believe at that time that the position of automotive mechanic crew leader had not been abolished and yet failed to make a timely demand, this proceeding would be time barred.

In urging that petitioner's cause accrued in October 1980, respondents first argue that the language heretofore quoted in the notice of claim constitutes an admission that petitioner demanded and was refused reinstatement at that time. By its terms, however, the quoted statement simply explains the Board's response to that part of the Commissioner of Personnel's order which directed petitioner's reinstatement. There is no evidence of any communication between petitioner and the Board in October 1980, and petitioner's averment that there was none until 1984 stands unrefuted. There is, therefore, no basis in the record to support a finding that there was a demand and refusal in October 1980.

Respondents' alternative argument is similarly without merit. Relying upon *Matter of Brayer v Lapple* (58 AD2d 1020, *affd* 44 NY2d 741) and *Matter of White v Harrell* (239 App Div 604), holding that the abolition of a position after commencement of litigation is ineffective, it is argued that petitioner should have known that the abolition of the position during the pendency of an appeal in the administrative process was ineffective and that under the Commissioner's order he had an absolute right to immediate reinstatement rather than placement of his name on a preferred eligible list. On that basis, we are asked

to hold that because petitioner did not make his demand within four months from the Commissioner's order, the proceeding should be dismissed.

In rejecting the argument, we need not pass upon the applicability of the rule of *Brayer* and *White* (*supra*) to the administrative process. Were we to impute to the petitioner knowledge that the abolition of his position was a nullity, it would follow that the same knowledge must be imputed to both the Commissioner of Personnel, whose order acknowledges the abolition, and to the Board of Education itself. If the Commissioner had such knowledge, it is obvious that he unequivocally would have directed petitioner's reinstatement, thus making petitioner aware of his immediate right to the position. If the Board had such knowledge, its wrongful conduct should not serve as the foundation upon which it should be relieved of its duty to petitioner. In any event, the only logical conclusion to be drawn from this record is that none of the interested parties had reason to believe that the Board's actions did not effectively abolish the position.

There did come a time, however, in January 1984 when petitioner discovered that the Board had not in fact abolished the position of automotive mechanic crew leader, but had merely used other employees working out of title to perform its duties and that respondents intended to appoint another to the position upon expiration of petitioner's preferred eligibility for the appointment. It was then for the first time that petitioner had reason to believe that he was entitled to immediate reinstatement (*see, Matter of Devens v Gokey,* 12 AD2d 135, *affd* 10 NY2d 898, *supra*) and timely demand for that relief was made on February 29, 1984. Shortly thereafter respondents refused to reinstate him and this proceeding followed within four months. Thus viewed, the proceeding was timely commenced.

Accordingly, the order should be affirmed.

CALLAHAN, DENMAN, GREEN and SCHNEPP, JJ., concur.

Order unanimously affirmed, with costs.