In the Matter of GRETA E. BREWER, Respondent, v BOARD OF
EDUCATION OF THE PLAINVIEW-OLD BETHPAGE CENTRAL
SCHOOL DISTRICT et al., Appellants.

Second Department, August 6, 1979

APPEARANCES OF COUNSEL

*Campanella, Zolotorofe & Guercio (Gregory J. Guercio* of counsel), for appellants.

*Immerman & Perlman (Stanley A. Immerman* of counsel), for respondent.

## OPINION OF THE COURT

*Per Curiam.*

■ The petitioner commenced this proceeding to, in effect, compel the appellant Board of Education of the Plainview-Old Bethpage Central School District (board) to appoint petitioner to the full-time regular substitute position held by appellant Albertine Griffith. Special Term granted the petition. We disagree, and therefore reverse the judgment and dismiss the proceeding on the merits.

Petitioner was appointed by the appellant board as a full-time teacher of foreign languages at the junior high school level, effective September 1, 1970. On September 1, 1974, she acquired tenure in the junior high school tenure area.

Appellant Albertine Griffith is also a teacher of foreign languages. She was appointed by the board, effective September 1, 1958. Her appointment was within the general secondary tenure area, as at that time the school district had not yet established separate junior high school and senior high school tenure areas. During her probationary period Griffith taught at both the junior and senior high school levels. By September 1, 1961, when Griffith acquired tenure, the district had established separate junior and senior high school tenure areas. Griffith was granted tenure in the senior high school tenure area and from that time until 1975 she taught only at the senior high school level. On or about September 1, 1975, Griffith received a new probationary appointment as department chairperson of the high school foreign language department.

Prior to the 1976-1977 school year the board determined to abolish a number of positions at the junior high school level. It was determined, in accordance with the provisions of subdivision 2 of section 2510 of the Education Law that petitioner was one of the teachers whose services would be terminated, and her services were in fact terminated, effective June 30, 1976. Petitioner was duly placed on the preferred eligible list for recall to any vacancy occurring in the junior high school tenure area (see Education Law, § 2510, subd 3). During the ensuing two school years she served in a part-time position created subsequent to the abolition of her full-time position.

On June 30, 1977, Griffith's services as probationary department chairperson were discontinued. It is agreed by the parties that this termination resulted from her failure to obtain proper certification as a supervisor. Upon Griffith's termination as department chairperson her name was placed on the preferred eligible lists for both the junior high school and senior high school tenure areas.

Prior to the start of the 1977-1978 school year a junior high school language teacher was granted a sabbatical leave of absence for the school year. The board appointed Griffith to the regular substitute position which was created by that leave. Shortly thereafter petitioner commenced the instant proceeding seeking, in effect, to be appointed to that position in place of Griffith.

In granting the petition Special Term held that Griffith was not entitled to be placed on any preferred eligible list because her position as department chairperson had not been abolished. Rather, she had lost that position because of her failure to obtain proper certification. Conversely, the court continued, petitioner's full-time position had been abolished, she was properly placed on the preferred eligible list for the junior high school tenure area, and she was therefore entitled to the regular substitute position to which Griffith was appointed inasmuch as that position was in the junior high school tenure area. We do not agree with this analysis. The Commissioner of Education has consistently held that placement upon preferred eligible lists is not restricted to teachers whose positions have been abolished.

In *Matter of Fitzgibbons* (8 Ed Dept Rep 205, 208) the petitioner was a tenured elementary school principal who accepted a position as principal of a middle school. This new appointment required the completion of a new probationary

period. During the course of that probationary period the petitioner was terminated. On the ensuing appeal, the commissioner stated pertinently:

"When a teacher is transferred to an area other than that in which he has acquired tenure, he does not lose his former tenure. Tenure areas are cumulative rather than mutually exclusive. If for any reason the teacher's service in the new area is terminated during the new probationary period, he is entitled to be placed on a preferred eligible list and to be reappointed on tenure in the area where he originally acquired tenure as soon as a vacancy occurs in that area. Such a preferred list expires in four years.

"I specifically hold that Education Law § 2510 applies by analogy with respect to termination during a second probationary appointment."

Accordingly, the commissioner directed that the petitioner be "reinstated" to the position of principal of an elementary school.

The commissioner has adhered to this holding on several subsequent occasions (see *Matter of Smith,* 16 Ed Dept Rep 240; *Matter of Morse,* 14 Ed Dept Rep 267; *Matter of Agresti,* 11 Ed Dept Rep 308). It is well settled that "The interpretation placed on a statute by the agency charged with its administration if not irrational or unreasonable will be upheld" *(Matter of Union Free School Dist. No. 2 of Town of Cheektowaga v Nyquist,* 38 NY2d 137, 142).

We find nothing irrational or unreasonable in the interpretation of section 2510 of the Education Law given by the commissioner. To the contrary, we find that interpretation to be a sensible and fair one, particularly under the circumstances of this case.

Where a teacher who has served satisfactorily in one position accepts what is in essence an offer of promotion which requires service of a probationary term in a new tenure area, and where for some reason not reflecting upon the teacher's general competence, integrity or the like, he or she is terminated during the new probationary period, we see no reason why that teacher should not have the benefit of accumulated seniority in returning to a former tenure area.

A contrary rule would obviously discourage a significant number of experienced teachers from seeking or accepting promotion and would make it more difficult for school districts

to find qualified personnel to fill vacancies in areas such as department chairperson. These consequences are quite clearly adverse to all involved in the educational process and we do not believe that subdivision 3 of section 2510 of the Education Law should be interpreted so as to visit such results upon the educational system.

In the instant case appellant Griffith served satisfactorily as a teacher of foreign languages in the district for some 17 years. Her termination as department chairperson of the foreign language department did not reflect in any way upon her competence to teach. Accordingly, it is our view that she is entitled to the benefits of subdivision 3 of section 2510 of the Education Law.

Having determined that Griffith has preferred eligibility rights, the extent of those rights remains to be determined.

As noted, the regular substitute position to which Griffith was appointed was in the junior high school tenure area. Thus, in order for Griffith to prevail on this appeal it must appear that she was entitled to placement on the preferred eligible list for the junior high school tenure area. We find that she was so entitled.

Instructive on this issue is the commissioner's decision in *Matter of McIvers* (17 Ed Dept Rep 39). Petitioner there was employed by the board in 1962 as a nurse-teacher. She was subsequently granted tenure in that position. In 1977 the board abolished the position of nurse-teacher at the junior high school level, and petitioner was one of those whose services were terminated. Before the commissioner, the petitioner argued that the board had viewed her tenure area too narrowly, that her tenure area was school nurse-teacher not junior high school nurse-teacher. Accordingly, petitioner contended that the board had improperly retained a nurse-teacher at a K-8 school who had less seniority than she. The commissioner stated pertinently (pp 40-41): "Petitioner was employed in 1962 as a school nurse-teacher. It does not appear that respondent recognized any limitation with respect to petitioner's tenure area until 1973, when pursuant to a collective bargaining agreement with its teaching staff, it undertook to notify each staff member of his or her tenure area. Although petitioner was advised that her tenure area was regarded by respondent as 'nurse-teacher-junior high school,' petitioner was not aggrieved within the purview of Education Law § 310 until her services were terminated without regard

to her seniority in the school nurse-teacher tenure area. Without reaching the issue of whether respondent board had authority to fractionalize the special subject tenure area of school nurse-teacher, it is clear that it had not fractionalized the tenure area when petitioner was probationarily employed and that consequently it could not thereafter retroactively restructure to impose a horizontal limitation upon petitioner's tenure area, apart from its authority, if any, to impose such limitations in connection with subsequent probationary appointments prior to the effective date of Rules of the Board of Regents Part 30."

Accordingly, the commissioner directed that petitioner be reinstated.

The circumstances in the instant case are significantly similar. At the time Griffith was hired in 1958 her position was considered to be within the general secondary tenure area. It was not until about two years later that the board fractionalized this tenure area into junior and senior high school tenure areas. During this two-year period, at least, Griffith taught at both the junior and senior high school levels. Under *McIvers,* the fractionalization of the general secondary tenure area could not serve to restrict Griffith's seniority rights retroactively. Therefore, upon Griffith's termination as department chairperson she was entitled to be placed on the preferred eligible lists for both the junior high school and senior high school tenure areas.

Since Griffith's length of service within the district far exceeded that of petitioner, Griffith had preference over petitioner with regard to any appointment within the junior high school tenure area. Accordingly, the board's action in appointing Griffith to the regular substitute position at issue was in all respects proper.

Upon this view, it is not necessary to decide whether a regular substitute position is a "vacancy" within the meaning of that term under subdivision 3 of section 2510 of the Education Law, and we do not do so. It is clear that upon either view of this question, petitioner is entitled to no relief herein.

SUOZZI, J. P., LAZER, GULOTTA, SHAPIRO and COHALAN, JJ., concur.

Judgment of the Supreme Court, Nassau County, entered

June 14, 1978, reversed, on the law, and proceeding dismissed on the merits, without costs or disbursements.