■ In the Matter of ANN M. MULVEY, Appellant, v BOARD OF EDUCATION OF SCARSDALE UNION FREE SCHOOL DISTRICT et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia*, to compel the respondents to reinstate petitioner to the position of full-time school psychologist, the petitioner appeals from a judgment of the Supreme Court, Westchester County, dated April 11, 1978, which dismissed the petition on the ground that the proceeding is time barred. Judgment reversed, with $50 costs and disbursements, and proceeding remitted to Special Term for a hearing and a new determination in accordance herewith. In September, 1970, the petitioner was employed in the respondent board's junior high school as a psychologist. In May, 1973, the petitioner was granted tenure as a "Psychologist—Junior High School". Thereafter petitioner was employed full time as a psychologist in the junior high school. In June, 1977 the board reduced the petitioner's position to half time, effective June 30, 1977. When school opened in September, 1977, the board appointed a person with allegedly less seniority than the petitioner to a half-time position as a psychologist at the *elementary* level. On September 29, 1977 petitioner commenced this proceeding in which she demands that the respondents reinstate her to the position of full-time school psychologist, half time in the junior high school and half time in the elementary school, claiming that she has tenure as a school psychologist in the vertical tenure area K-12. The respondents argued successfully at Special Term that the four-month Statute of Limitations within which to commence this proceeding (CPLR 217) expired in 1973, four months after the petitioner was notified that she had been granted tenure at the junior high school level. We disagree. The statute begins to run after "the determination to be reviewed becomes final and binding". "In the case of 'determinations,' the phrase 'final and binding' means that the action must actually have impact on the petitioner. If the order may not affect petitioner unless certain events occur subsequent to the determination, the period will not begin to run until those events occur. The apparent basis of this rule is that a party should not be put to the expense of challenging action which may not affect him, on pain of having his proceeding barred as untimely if it turns out that as a result of subsequent events he is affected" (8 Weinstein-Korn-Miller, NY Civ Prac, par 7804.02, p 78-105). At bar, the 1973 determination had no impact on the petitioner, and the petitioner was not aggrieved until the board reduced her position to half time and appointed a person with allegedly less seniority to a half-time position at the elementary level allegedly in violation of the statute (see Education Law, § 2510; see, also, *Matter of Brewer v Board of Educ.,* 69 AD2d 377, 381-382; *Verbanic v Nyquist,* 41 AD2d 466). However, on this record, we are unable to determine whether the petitioner acquired tenure as a school psychologist in the vertical K-12 tenure area or at the junior high school level. Guidance counseling in an elementary school has been held to be a traditional tenure area and we conceive of no legal impediment to the establishment of school psychologist at various horizontal levels as traditional tenure areas (see *Steele v Board of Educ.,* 40 NY2d 456, 462-463). Whether the petitioner acquired tenure as a school psychologist at the junior high school level depends upon whether, in 1970, when the petitioner was offered and accepted employment, this was a traditional tenure area which had been established by the board and upon whether the petitioner was sufficiently alerted to the fact that she was accepting service in a tenure area for the junior high school grades (see *Matter of Kaplan v Board of Educ.,* 56 AD2d

869, affd 43 NY2d 863; see, also, *Matter of Brewer v Board of Educ., supra,* p 382). The record here is silent as to these matters, the respondents claiming only that a tenure area of psychologist at the junior high school horizontal level was "extant" in 1973. Accordingly, a hearing is required. On appeal to this court, the respondents claim for the first time that petitioner's failure to comply with the statutory notice of claim requirement (Education Law, § 3813, subd 1) bars the proceeding. "While service of a notice of claim is a statutory condition precedent which does not have to be pleaded as an affirmative defense *(Board of Educ. [Wager Constr. Corp.],* 37 NY2d 283; *Matter of Board of Educ. [Heckler Elec. Co.],* 7 NY2d 476), the defense is, nevertheless, one which if not raised before the court of original jurisdiction is waived *(Matter of Schlosser v Board of Educ.,* 47 NY2d 811; cf. *Salesian Soc. v Village of Ellenville,* 41 NY2d 521)" *(Flanagan v Board of Educ.* 47 NY2d 613, 617). Cohalan, J. P., Margett, Martuscello and Gibbons, JJ., concur.