■ In the Matter of WILLIAM L. MATTHES, Doing Business as THE LOOKOUT, Appellant, v EAST FISHKILL TOWN BOARD et al., Respondents. — In a proceeding pursuant to CPLR article 78, *inter alia,* to compel respondents to comply with article 7 of the Public Officers Law, petitioner appeals (1) from stated portions of a judgment of the Supreme Court, Dutchess County (Jiudice, J.), dated September 17, 1979, which, *inter alia,* directed respondents to comply with article 7, (2) as limited by his brief, from so much of an order of the same court, dated December 31, 1979, as, upon reargument, adhered to the original determination, and (3) from a further order of the same court, dated January 11, 1980, which denied his motion to punish the town board and town supervisor for contempt. Appeal from the judgment dismissed, without costs or disbursements. The judgment was superseded by the order granting reargument. Order dated December 31, 1979, affirmed, insofar as appealed from, and order dated January 11, 1980, affirmed, without costs or disbursements. (See *Matter of Orange County Pubs., Div. of Ottaway Newspapers v Council of City of Newburgh,* 60 AD2d 409, affd 45 NY2d 947.) Mollen, P. J., Titone, Thompson and Rubin, JJ., concur.

■ In the Matter of ROSALIND OLTSIK et al., Respondents, v BOARD OF EDUCATION OF WHITE PLAINS UNION FREE SCHOOL DISTRICT, Appellant. — In a proceeding pursuant to CPLR article 78 to, *inter alia,* compel the Board of Education of the White Plains Union Free School District to reinstate petitioners as tenured teacher-librarians in its school district, effective June 30, 1978, *nunc pro tunc,* the board appeals from a judgment of the Supreme Court, Westchester County (Burchell, J.), dated October 14, 1980, which granted the petition. Judgment reversed, on the law, without costs or disbursements, and proceeding remitted to Special Term for a hearing in accordance herewith. Appellant Board of Education of the White Plains Union Free School District argues that petitioners were properly terminated from their positions as "elementary teacher-librarians" when their positions were abolished, in accordance with subdivision 2 of section 2510 of the Education Law. Specifically, it is contended that petitioners were the least senior members of the "elementary teacher-librarian" tenure area. Petitioners contend, and Special Term agreed, that they are part of a special subject library tenure area, encompassing grades K through 12 and that they were not the least senior members in that tenure area. We find that appellant could have established the position of librarian at various horizontal grade levels as a traditional tenure area (cf. *Waiters v Board of Educ.,* 46 NY2d 885; *Steele v Board of Educ.,* 40 NY2d 456, mot for rearg den 40 NY2d 918; *Matter of Mulvey v Board of Educ.,* 72 AD2d 584; *Matter of Freidlander,* 17 Ed Dept Rep 248). We note that Part 30 of the regulations of the Board of Regents, which indicates that "school medial specialist (library)" shall be considered a special subject tenure area, is to be applied prospectively (8 NYCRR 30.2 [a]; 30.8 [b] [5]; *Steele v Board of Educ., supra,* p 463, n 2). However, the documents submitted at Special Term present issues regarding the establishment of "elementary teacher-librarian" as a traditional separate and distinct tenure area within the school district and whether appellant maintained such a separate and distinct tenure area at the time petitioners' positions were abolished and their services were discontinued. Accordingly, a hearing is required. Weinstein, J. P., Brown, Niehoff and Boyers, JJ., concur.