■ In the Matter of ALAN CONKLIN et al., Respondents-Appellants, v BOARD OF EDUCATION OF THE LIVERPOOL CENTRAL SCHOOL DISTRICT, Appellant-Respondent. — Judgment unanimously modified, and, as modified, affirmed, without costs, and matter remitted to Supreme Court, Onondaga County, for a hearing, in accordance with the following memorandum: Petitioners, certified teachers employed by the Liverpool Central School District, commenced this CPLR article 78 proceeding seeking to set aside the actions of respondent Board of Education (Board) in placing them in the middle school tenure area. They contend that following a review of its tenure area designations during the 1980-1981 school year, the Board arbitrarily assigned petitioners to a middle school tenure area, thereby limiting their choices of assignments and thus altering their tenure area status as of the 1981-1982 school year. It is also maintained that the Board retroactively modified their tenure areas, that no separate middle school tenure area was ever legally established, and that, in any event, petitioners were never given notice that they were being assigned to a middle school tenure area. ¶ We agree with the court's finding that petitioner Kopp is serving in the elementary tenure area and petitioners Schauer, Kope, Murray, Resch and Resnick are serving in the secondary tenure area. As to the remaining petitioners there is uncertainty and ambiguity in the record requiring a hearing to establish how the middle school tenure area came into existence and to what extent knowledge of its existence was disseminated. ¶ The Board maintains that the school district has been divided

into elementary, middle school and secondary classifications since 1966 and that on June 22, 1981 it adopted a resolution confirming and ratifying the academic instructional tenure areas which then existed within the Liverpool Central School District. This resolution reflects a middle school tenure area comprised of: "All those teachers appointed between September 1, 1966 and May 13, 1975 to teach at grade levels six, seven and eight and all those teachers appointed between May 13, 1975 and August 1, 1975 to teach at grade levels seven and eight." Although petitioners fall into these time frames, we note some inconsistency in the manner in which the Board has dealt with its own tenure structure. As appears from the minutes of the various Board meetings, the tenure area designations for the appointment of petitioners Dambro, Dismore, Johnson, Murphy, Pale, Smith and Van Hoover all evidence both a horizontal (grade level) middle school tenure area and a vertical (subject) area designation. Thus, both horizontal and vertical components are grouped under the umbrella of "tenure level" in the Board minutes. This renders it difficult to determine whether a middle school tenure area was properly established with notice to the teachers. Since there is an inconsistency in the manner in which the Board has dealt with its own tenure structure, a hearing is required to determine the circumstances surrounding establishment of the middle school tenure area (see *Matter of Oltsik v Board of Educ.,* 88 AD2d 660; *Matter of Mulvey v Board of Educ.,* 72 AD2d 584). (Appeals from judgment of Supreme Court, Onondaga County, O'Donnell, J. — art 78.) Present — Dillon, P. J., Callahan, Doerr, Green and Moule, JJ.