OPINION OF THE COURT
Alfred J. Weiner, J.
This is a CPLR article 78 proceeding in which petitioner seeks a judgment directing the Board of Education of the Nanuet Public Schools to reinstate her to the position of full-time teacher, together with back pay, seniority, tenure and other related relief.
Petitioner commenced employment with the Board of Cooperative Educational Services of Rockland County (BOCES) as a regular substitute teacher, on February 15, 1980, until June 20, 1980. The spring term in which she had performed these substitute teacher duties had commenced on January 28, 1980. Therefore, she did not complete a full term.
Subsequently, in the fall term of 1980, the petitioner was a regular substitute teacher from September 3, 1980 to January 14, 1981. The fall term ended on January 23, 1981. Therefore, she did not complete a full term.
*484 On January 20, 1981, the petitioner was advised by BOCES that she had been appointed as a probationary teacher for a three-year term commencing on January 15, 1981 and continuing through January 14, 1984. In June, 1981, the petitioner was excessed by BOCES due to student enrollment reductions.
The petitioner was subsequently employed in September, 1981 by the Nanuet Public Schools with substantially the same rights she held at BOCES. She performed services as a probationary teacher for the Nanuet Public Schools from September, 1981 to June 27, 1983, at which time her services as a probationary teacher were terminated.

The main issue to be determined by the court is whether ■ or not petitioner had already acquired tenure on the date her services were terminated by Nanuet Public Schools.

Petitioner alleges that the failure of the respondents to grant her credit for her long-term substitute teaching service at BOCES was in derogation of section 2509 (subd 1, par [a]) of the Education Law. She further alleges that having rendered teaching services in excess of three years, including substitute and probationary teaching services, she acquired tenure by acquiescence on or about February 14, 1983. As a teacher with tenure, she was entitled to the protections of the Education Law governing the termination of services of a tenured teacher.
The petitioner contends that the termination by Nanuet Public Schools of her services as a probationary teacher was in derogation of her statutory and fundamental due process rights, and was illegal, arbitrary and capricious.
The respondents contend this proceeding is barred by the Statute of Limitations and that petitioner is further es-topped from claiming credit for substitute teaching at BOCES, and that she is not entitled to any such credit towards her probationary period. They further contend that the petition should be dismissed as a matter of law in that it is improper to apply section 2509 (subd 1, par [a]) of the Education Law to the respondents.
Section 2509 (subd 1, par [a]) of the Education Law provides in pertinent part that: “[tjeachers * * * shall be *485 appointed * * * for a probationary period of three years, except that in the case of a teacher who has rendered satisfactory service as a regular substitute for a period of two years * * * the probationary period shall be limited to one year”; that teachers shall be appointed by school boards for a probationary period of three years; and that when the probationary period is fully and satisfactorily served, the teacher is entitled to tenure. The statute also permits a teacher who has rendered satisfactory service as a regular substitute for a period of two years to apply such substitute service in reduction of the three-year probationary term for purposes of acquiring tenure.
Respondents contend that section 2509 (subd 1, par [a]) of the Education Law only applies to city school districts since it is contained in articles 51 and 52 of the Education Law which apply to city school districts. However, section 2509 (subd 1, par [a]) has been applied to noncity school districts. (Matter of Waterman, 13 Ed Dept Rep 68; Matter of Griswold, 1 Ed Dept Rep 527; Matter of Mugavin, 12 Ed Dept Rep 191.) Therefore, the court finds that section 2509 (subd 1, par [a]) is applicable to this proceeding.
Respondents contend that petitioner is barred by the Statute of Limitations from bringing this proceeding since she failed to file any claim or register any protest either with BOCES in January, 1981 or with Nanuet Public Schools in September, 1981, concerning alleged credit for substitute teaching services.
Pursuant to CPLR 217, an article 78 proceeding must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner. The phrase “final and binding” means that the action must have impact on the petitioner. (Matter of Mulvey v Board of Educ., 72 AD2d 584.) The determination not to give substitute teaching credit to petitioner had no impact on her until her employment was terminated on June 27, 1983. This petition was served on the respondents on October 19, 1983, within the four-month Statute of Limitations. Accordingly, the petitioner is not barred from seeking the relief requested.
The final issue to be resolved is whether Nanuet Public Schools and BOCES acted in an arbitrary, capricious and *486 illegal manner in failing to give credit to petitioner for her substitute teaching services in accordance with section 2509 (subd 1, par [a]) of the Education Law.
Whether respondents’ action is arbitrary and capricious relates to whether or not their action has a sound basis in reason and has a foundation in fact. The test is whether there is a rational basis for respondents’ action. (Siegel, NY Prac, § 561, p 785; Matter of Caso v New York State Public High School Athletic Assn., 78 AD2d 41.)
The respondents’ actions in failing to give credit to the petitioner towards her probationary period had a sound basis in reason and has a foundation in fact because she never completed a full term as a regular substitute teacher.
The Commissioner of Education has held that “where a teacher serves as a substitute for a term or more in the same field in which she later is appointed on a regular appointment, she is entitled to have such substitute services credited * * * against the completion of the probationary period.” (Matter of Griswold, 1 Ed Dept Rep 527, 529, supra; emphasis supplied; Matter of Waterman, 13 Ed Dept Rep 68, supra; Matter of Artale, 13 Ed Dept Rep 84; Matter of Motak, 16 Ed Dept Rep 358; Matter of Matera, 17 Ed Dept Rep 459.)
The construction of this statute (Education Law, § 2509, subd 1, par [a]) must be upheld if not irrational or unreasonable (Matter of Ward v Nyquist, 43 NY2d 57; Matter of Brewer v Board of Educ., 51 NY2d 855; Matter of Robins v Blaney, 59 NY2d 393). The court finds that this construction of the statute is neither irrational nor unreasonable and should not be set aside.
Accordingly, the petition is hereby dismissed.